## Case No. 15,205.

### UNITED STATES v. GILBERT.

[17 Int. Rev. Rec. 54.]

Circuit Court, N. D. Ohio. Jan. Term, 1873.

#### EMBEZZLEMENT BY POSTMASTER.

A postmaster who uses in his private business, and for paying his private debts, money received through the money order department, so that he is found upon examination to be without the amount of money required to balance his accounts, is guilty of embezzlement, under the statute (Act June 8, 1872, § 122), although he always intended to replace the same, and did, in fact, replace it shortly after his arrest, and before his preliminary examination before a commissioner.

[This was an indictment against Everett H. Gilbert upon the charge of embezzlement.]

Geo. Willey, U. S. Atty., for the Government.

G. S. Kain, for defendant.

SHERMAN, District Judge. The defendant in this case was indicted by the grand jury of the present term, under the 122d section of the act of congress approved June 8, 1872 [17 Stat. 283], entitled "An act to revise, consolidate, and amend the statutes relating to the post office department." Upon the trial of the cause, the jury returned a verdict of guilty. The counsel for the defence now move for a new trial, alleging as a cause therefor the general reason, that the verdict is not sustained by the evidence and law in the case.

The facts as agreed upon by the counsel for the defence and district attorney are as follows: The defendant was postmaster at Smithville, Wayne county, Ohio, which post-office had been duly designated and was a money order office, duly authorized by law, and governed by the regulations prescribed by the postmaster-general. On the 29th day of November, 1872, a special agent of the

post-office department, under instructions from that department, visited the post-office at Smithville for the purpose of examining into the accounts of the defendant, it being suspected that there was a deficit in his money order business. A full examination of his af-fairs showed a deficiency of five hundred dollars, which deficiency had run through several months, and which the defendant failed to pay over, even when demand was made by the special agent upon the spot. In fact it was not paid over for a week or more after the demand. The defendant stated that he did not have the money, that he had used it in his business in paying debts of a private nature, and in making some additions to his property in the town of Smithville. but that he expected to replace it in a few days from money due him. Upon the 5th day of December following, the special agent procured a warrant for the arrest of the defendant, un-der the 122d section above alluded to. There-upon examination was had before the com-missioner on the 20th day of December, 1872. It further appears, that between the time that the warrant was issued and the examina-tion before the commissioner, the defendant deposited with the postmaster at Cleveland, Ohio, a sum of money equal to the amount which he is charged with having embezzled, the Cleveland post-office being the designated depository for the money order funds of the Smithville post-office.

On this agreed statement of facts it cannot be successfully claimed that the verdict is un-supported by the evidence. Section 122 of the act of congress provides as follows: "That any postmaster, assistant, clerk, or other person employed in or connected with the business or operations of any money or-der office, who shall convert to his own use in any way whatever, or loan, or deposit in any bank. or exchange for other funds, any portion of the money order funds, shall be deemed guilty of embezzlement. * * * And any failure to pay over or produce any money or funds intrusted to such person, shall be taken to be prima facie evidence of embez-zlement." From these citations it is evident that an embezzlement, such as is complained of by this section, may be proved in either one of two ways: First, by showing that in point of fact the postmaster has converted to his own use money order funds. Second, by his failure to pay over such funds when required, either by the law or regulations, or when de-mand is made by an officer authorized for that purpose. It would seem that the agreed state-ment of facts substantiates the embezzlement by both these methods, and although it is true that the funds were subsequently paid in to the Cleveland post-office. and although it may also be and probably was true that these funds when thus converted were intended and expected to be replaced, so that the govern-ment should sustain no loss, which go very far toward mitigating the offence, yet it is obvious that the enforcement of this section, in all its strictness, is essential to this class of government funds, and to the discourage-ment of postmasters from even temporarily using them for private purposes. The inten-tion of replacing them, however honestly en-tertained, cannot be accepted as an excuse or apology for violating the law, as one may be disappointed by unexpected circumstances. and thus not only endanger the moneys of the government. but involve himself in diffi-culty and criminal prosecution. The law in-tends that funds of this character should be kept absolutely separate and sacred, as the best method not only of keeping the funds themselves secure, but of guarding the offi-cers themselves from temptation and delin-quency. The diversion of money order funds in any way whatever, prohibited by this sec-tion, or for any time however short. consti-tutes embezzlement under this act, and is pun-ishable as such.

The motion for a new trial is therefore over-ruled, and the defendant sentenced to pay a fine of five hundred dollars, and the costs of this prosecution. and to be imprisoned for six months; but under the advice and concur-rence of the post-office department, and under all the circumstances of this case, the execu-tion of the sentence as to imprisonment is in-definitely suspended.