VIVES v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1899.)

No. 736.

1. POSTMASTER—EMBEZZLEMENT OF MONEY-ORDER FUNDS.

That a postmaster who issued money orders without receiving the money therefor, and failed to account for such money, did not intend to defraud the government, but to collect and account for the money on his settlement, constitutes no defense to a prosecution for embezzlement of money-order funds under Rev. St. § 4046.

2. SAME—VERDICT—HARMLESS ERROR.

Where an indictment against a postmaster contained two counts, one charging him with the embezzlement of money-order funds, under Rev.

St. § 4046, and one with failing to deposit the same amount of postal-revenue funds, under section 4053, and the verdict found him guilty as charged, without specifying on which count, a sentence imposing the minimum sentence under either charge renders the error, if any, without prejudice to the defendant.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was a prosecution by the United States of Camille Vives for embezzlement as an assistant postmaster. The defendant was convicted, and brings error.

F. B. Earhart, for plaintiff in error.

J. Ward Gurley, for the United States.

Before PARDEE, Circuit Judge, and BOARMAN and SWAYNE, District Judges.

PARDEE, Circuit Judge. The plaintiff in error, as assistant postmaster of the United States, was indicted for embezzling money-order funds, in violation of section 4046, Rev. St. U. S., and in neglecting, as postmaster, to deposit postal revenues, in violation of section 4053, Id. He was duly arraigned, pleaded not guilty, and on the trial the verdict was: "We, the jury, find defendant guilty as charged, and we find the amount embezzled to be eight hundred and thirty-two dollars and sixty-three cents ($832.63). Strongly recommended to the mercy of the court." No motion for a new trial was made, and the plaintiff in error was sentenced to be imprisoned in the North Carolina penitentiary for the period of one year and one day, and to pay a fine of $832.63, and costs of prosecution. There is but one bill of exceptions in the record, and that shows that, after the case had been submitted, the attorney for the defendant (plaintiff in error here) requested the following charge to be given to the jury:

"If the jury believe from the evidence that it was the purpose of the accused to return the money to the government, and that the money orders were issued with the design of accounting to the government for their proceeds when a settlement of the account of the postmaster was due, and that the accused did not intend to defraud the government of the money used by him, the jury should find the accused not guilty,"

—And that the said charge was refused. This refusal to charge is the sole error assigned for a review in this court.

It is to be noticed that the bill of exceptions, as presented to the trial judge for his signature, is wholly defective in not giving some statement of the case or of the matters proved, so as to show that the charge as requested was relevant to some issue in the case, and not a mere abstract proposition for the consideration of the jury. The trial judge, in signing the bill of exceptions, appended to it the following statement:

"The indictment against the defendant contains two counts, viz.: (1) For converting to his own use, and embezzling, as assistant postmaster, $832.63 of money-order funds, in violation of section 4046, Rev. St. U. S. (2) For willfully neglecting, as assistant postmaster, to deposit $832.63, being part of the postal revenues of the United States, in violation of section 4053, Id. After the government had rested its case, the defendant took the stand in

his own behalf, and distinctly stated and admitted in his testimony in chief that he was 'short' in the sum exceeding $600 of the money-order funds; but, in answer to a question by his counsel, the defendant said that he intended to return the funds to the government, and had no intention to defraud it. The defendant further stated and admitted in his testimony in chief that he issued postal money orders without receiving cash therefor at the time of issuance, and that he would thereafter collect the proceeds of the postal money orders."

Taking the judge's statement as supplementing the bill of exceptions in a very necessary particular, we are of opinion that the requested charge was properly refused for the reason given by the trial judge, to wit, "It is incorrect in law, and, besides, it ignored the second count in the indictment, and called for an acquittal without regard to the second count." As a matter of fact, very few embezzlements are committed without the intention of the embezzler at some future time to make good his appropriation. Counsel for plaintiff in error in this court gave little attention to the above-mentioned assignment of error, but contended that this court, under its rules, will notice a plain error upon the face of the record, although the same is not assigned; and then proceeded to argue that the verdict of the jury is ambiguous and indefinite, and deprives the plaintiff in error of a substantial right, because the jury did not find whether the $832.63 embezzled belonged to the money-order fund or to the postal-revenue fund,—two distinct funds; and cited sections 4042, 4044, 4045, 4049, 4050, and 4051, Rev. St. U. S., and section 3, p. 406, Supp. Rev. St. U. S. Under our rule we may notice any plain error on the face of the record, although the same is not assigned. The error suggested here is by no means plain on the face of the record, but what does appear to be plain is that, as the plaintiff in error was sentenced to the minimum penalty, under sections 4046 and 4053, if any error of the kind suggested was committed,— on which we express no opinion,—the error was not prejudicial to the plaintiff in error. A satisfaction of the judgment will fully protect the plaintiff in error as to all the matters charged in both counts in the indictment. The judgment of the circuit court is affirmed.