## HUGHES v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1925.)

No. 6577.

1. **Embezzlement** ⊂⇒1—**Offence purely statutory.**

Embezzlement did not exist at common law, but is purely statutory.

2. **Post office** ⊂⇒36—**Postmaster's intention to restore postal funds converted held no defense.**

It is no defense, in prosecution under Penal Code, § 225 (Comp. St. § 10395), that postmaster intended to restore postal funds converted to his own use.

**3. Post office ⟨key⟩50—Giving and refusing instructions as to postmaster's intention in converting postal funds to his own use held not erroneous.**

Instruction that, if postmaster appropriated postal funds to his personal use, he would be guilty of embezzlement, under Penal Code, § 225 (Comp. St. § 10395), *held* correct, and postmaster's requested instruction, requiring jury to acquit him if he did not intend to defraud government, was properly refused.

**4. Criminal law ⟨key⟩1156(1)—Order overruling motion for new trial presents nothing for review in Circuit Court of Appeals.**

Order overruling motion for new trial in criminal prosecution presents nothing for review in Circuit Court of Appeals.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

William T. Hughes was convicted of embezzlement of postal funds, and he brings error. Affirmed.

Oppenheimer, Peterson, Dickson & Hodgson, of St. Paul, Minn., for plaintiff in error.

W. A. Maurer, U. S. Atty., and J. W. Scothorn, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

PHILLIPS, District Judge. William T. Hughes, hereinafter called defendant, was indicted, tried, convicted, and sentenced for embezzlement of postal funds under section 225 of the Penal Code (U. S. Comp. St. § 10395, 35 Stat. 1133), which provides:

"Whoever, being a postmaster * * * shall * * * use, * * * or convert to his own use, * * * except as authorized by law, any money or property coming into his hands or under his control in any manner whatever, in the execution or under color of his office, employment, or service, whether the same shall be the money or property of the United States or not, * * * shall be deemed guilty of embezzlement."

The defendant was postmaster at Ft. Cobb, Okl. On April 19, 1923, his office was checked by a post office inspector and he was found to be short $404.72. The shortage was due to the fact that the defendant had made collections on certain C. O. D. packages and had used the moneys so collected in payment of his personal obligations. Defendant admitted the shortage, but offered as a defense that he had intended to resign as postmaster, had arranged a sale of the office furniture to his successor, and from the proceeds of the sale had expected to make good the post office money which he had appropriated to his own use.

The court instructed the jury in part as follows:

"If you believe beyond a reasonable doubt the defendant took and appropriated any part of the postal funds of the United States for his own personal use and benefit, he would be guilty of embezzlement, although he had moneys owing to him upon the sale of furniture thereafter to be delivered and in that way available to replace the funds so used, and intended to do so, and had no intention of defrauding the government of the United States."

The defendant requested the following instruction:

"In this case, gentlemen of the jury, the defendant is charged with having unlawfully, willfully, fraudulently, and feloniously secreted, embezzled and appropriated to his own use and benefit the sum of four hundred four and $^{72}/_{100}$ dollars postal funds which came into his hands as postmaster at Ft. Cobb, Okl.; and in this connection you are instructed that, before you would be justified [to] convicting the defendant, you must find that, at the time he used the funds in question, he did so with the felonious and fraudulent intent to convert the same to his own use, and to cheat and defraud the United States thereof.

"And you are further instructed that, if the defendant did use said funds for his own benefit, if he did so, not intending to defraud the United States, but had the funds available to replace the amount so used, and intended to so replace the same and remit it to the proper depository of the United States as soon as he could write up and complete the records of the amounts so received, and did, within a reasonable time, consistent with his other duties of the office, complete said records and remit said funds, he would not be guilty of the crime charged, and in such case you should acquit him."

The defendant assigns as error: First, the refusal of the trial court to give the instruction requested; second, the giving of the instruction above set out; third, the overruling of defendant's motion for a new trial; and, fourth, that the verdict was not sustained by the evidence.

[1] Embezzlement did not exist at common law. It is purely a statutory offense. We must therefore look to the statute to determine its constituent elements.

[2, 3] It will be noted that the statute does not use the words "fraudulently convert to his own use," frequently found in embezzlement statutes, but the words "use or convert to his own use." Therefore a willful and intentional appropriation to his own use by a postmaster, except as authorized by law, of money coming into his hands in the execution or under color of his office, constitutes embezzlement within the statute. The intention to permanently deprive the owner of such money was not a necessary element of the offense charged, and it was no defense that the defendant intended to restore the money so appropriated at a later date. U. S. v. Gilbert (C. C. 1873) 25 Fed. Cas. 1318, No. 15,205; Vives v. U. S. (C. C. A. 5) 92 F. 355, 34 C. C. A. 403. Therefore the charge given by the learned trial judge was correct, and the charge requested was an incorrect statement of the law and was properly refused.

The evidence clearly showed that the defendant knowingly and intentionally converted to his own personal use post office moneys which came into his hands in the execution of the duties of his office and fully sustained the verdict of the jury.

[4] The overruling of the motion for a new trial presents no question for review here.

Finding no error in the record, the judgment should be affirmed; and it is so ordered.