## MANNING *v.* THE STATE.

No. 9270. NOVEMBER 16, 1932.

W. O. *Cooper Jr., Farr & Cowart,* and *Oscar L. Long,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

GILBERT, J. The Court of Appeals certified to this court the following question: "Section 192 of the Penal Code of 1910 reads as follows: 'If any person who has been intrusted by another with any money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton or other produce, *or any other article or thing of value,* for the purpose of applying the same for the use or benefit of the owner or person delivering it, shall fraudulently convert the same to his own use, he shall be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than five years.' When this section is properly construed, do the words 'or any other article or thing of value,' as used therein, include or cover real estate?"

Penal Code § 192 is one of a number of sections included in the sixth division, under the title "Crimes Relative to Property." The first article under the sixth division has reference to the crime of robbery, the second to larceny, and the third to "Embezzlement and Fraudulent Conversions." Section 192 falls within article 3, and under the subtitle "Embezzlement and Fraudulent Conversions."

It is insisted by counsel for the State that the offense of "Embezzlement and Fraudulent Conversions" was not known at common law, and was created by statute in this State for the purpose of supplying defects and protection in instances not included under the penal statutes applying to larceny. It has been so declared by this court. In *Robinson* v. *State,* 109 *Ga.* 564 (35 S. E. 57, 77 Am. St. R. 392), which was a case of embezzlement, this court, speaking through Mr. Justice Little, said: "This offense was unknown to the common law, and is entirely the creation of statutes both in England and in this country. In its nature it is near akin to larceny, the difference being, that in order to constitute the latter offense, the property must be taken from the actual or constructive possession of the owner." Crimes falling within the offenses named in the sixth division, third article, of the Code, have sometimes been referred to by this court and the Court of Appeals as larceny after trust. *Alderman* v. *State,* 57 *Ga.* 367; *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63); *Lewis* v. *State,* 17 *Ga. App.*

667 (87 S. E. 1087), and cit.; *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334).

In 2 Wharton's Criminal Law, 1489, the author states: "Embezzlement covers only cases which common-law larceny does not include. No inconvenience can arise from the maintenance of this distinction, since it is allowable as well as prudent to join a count for larceny to that for embezzlement."

Bromberger *v.* U. S., 128 Fed. 350, was a case falling under the Federal statute, where a mail carrier was indicted for abstracting a letter and unlawfully taking money therefrom. The indictment was in two counts, one count charging embezzlement and the other larceny. In discussing the indictment with reference to a demurrer, the court said: "It is insisted that there is an irreconcilable repugnancy between the terms 'theft' and 'embezzlement'; that therefore both counts can not stand, and that acquittal should have been directed on the second one; that the first count is itself defective, because inconsistent and repugnant in charging in the same count a destruction as well as an embezzlement and secretion of the same letter. . . The sufficient answer to all this, however, is that we are dealing not with the common law, but with a specific statute."

It would appear that the codifiers considered all of the offenses under the three articles, and under the sixth division, denominated "Crimes Relative to Property," were related crimes.

Theft, stealing, and fraudulent conversion are very nearly, if not quite, synonymous terms, as used in the Penal Code. Baldwin's Century Edition of Bouvier's Law Dictionary, at p. 532, states that an original unlawful taking is, in general, conclusive evidence of conversion. Under our Penal Code simple larceny is the wrongful and fraudulent taking and carrying away of the goods of another, with intent to steal. In larceny or theft, animus furandi, that is, the intent, must be shown to exist; and in these cases there must also exist some degree of asportation, however slight. Where an offense of larceny, or even one so nearly related as that defined in Penal Code § 192, is charged, the element of asportation becomes important.

In *Hagood* v. *State,* 5 *Ga. App.* 80 (5) (62 S. E. 641), it was held that the words "fraudulent conversion" are synonymous with the words "taking with intent to steal" in case of ordinary larceny.

In *Keys* v. *State,* supra, the court was dealing with a conviction under the Penal Code of 1895, § 194 (Penal Code of 1910, § 192). In the indictment the offense was designated as "larceny after trust." This court stated that the accused was indicted for that offense, and treated the case as such. Of course it is a well-known principle that the name given to an offense in an indictment is not conclusive, but that the court will look to the allegations. It is significant that this court did not take occasion to note any error in the name given to the offense. This is merely mentioned as an indication that section 192 defines an offense which, if not in its essence a larceny under our code, is of such near kin that calling it larceny is no substantial misnomer.

In no case, so far as we have been able to discover, has this court ever decided the precise question involved. That question has arisen in extremely few cases in this country.

In State *v.* Eno, 131 Iowa, 619 (109 N. W. 119, 9 Ann. Cas. 856), it was held that a similar, though not identical statute, did not include fraudulent conversion of land. In that case it was said: "It is the general holding that neither the common law, nor the statutes of the several States defining the crime of cheating by false pretense, apply to real estate. Under the English law, real property was never the subject either of cheating or of false pretenses. Being incapable of larcenous asportation, it was not regarded as requiring the same protection as personal property. The crime of obtaining money or goods by false pretenses is said to be closely allied to that of larceny, and the common law and statutes defining the crime were undoubtedly designed for the fuller protection of personal property and in aid of the laws against larcency and theft. 2 Brown and Hadley's Com. 532; 2 Bishop on Criminal Law, §§ 476-479, inclusive. While the American statutes differ in phraseology, they are in substance copied from the English and are based on the same principle, and have the same object in view." And see People *v.* Cummings, 114 Cal. 437 (46 Pac. 284).

[After all, while it is interesting to note the origin of offenses for "fraudulent conversion" and their relationship to crimes of larceny, we are in fact dealing with a statutory crime. It is a crime not known to the common law, but is a crime of the genus of larceny. It is a crime in dealing with which we must apply the general principles applicable to larceny. Real estate has never been

a subject of larceny. "Land being incapable of larcenous asportation, it was not regarded as requiring at the hands of the criminal law the same protection as personalty. Since it could not be carried away and dissipated like chattels, although a man might be deprived of his landed estate by means of fraudulent practices and devices, yet the property was bound to remain stationary and accessible to the reach of the law, and he was relegated to the civil courts for his redress of the wrong.] State v. Klinbenberg, 76 Wash. 466, 469, 136 Pac. 692, 49 L. R. A. (N. S.) 965, Ann. Cas. 1915D, 468." 25 C. J. 608, note 99 (a). That quoted excerpt is found in 25 C. J. 608 as note 99 (a). It is there used as an annotation to the text, wherein it is said: "At common law the offense of cheating did not apply to a fraudulent transaction whereby the owner of land was deprived of it; and statutes as to false pretenses do not usually include real property. But there are statutes which are broad enough to include such property or any interest therein." 25 C. J. 608, § 37. On the other hand, in State v. Layman, 8 Blackf. (Ind.) 330, the contrary view was taken.

In the sixth division of our Penal Code, and included in article 2, which has reference to larceny, are included sections 166 and 167, as follows: "§ 166. Things savoring of the realty, and fixtures. Theft or larceny may be committed of anything which, in the language of the law, savors of the realty, or of any fixture; and the punishment shall be as for a misdemeanor." "§ 167. Detached becomes personalty. Anything detached from the realty becomes personalty instantly on being so detached, and may be the subject-matter of larceny, even by the person wrongfully detaching it." These are the only sections in the sixth division of the Penal Code which contain the words "realty." Undoubtedly real estate is a "thing of value," but it is not the kind of thing that can be the subject of "fraudulent conversion" under the Penal Code (1910), § 192.                    *All the Justices concur.*