The State of Ohio, Appellant, *v.* Clark, Appellee.

(Decided March 28, 1938.)

*Mr. P. D. Michel,* for appellant.
*Mr. William P. Moloney,* for appellee.

By the Court. This is an appeal on questions of

law from a judgment sustaining a general demurrer to an indictment and dismissing the same.

The indictment contains six counts. The first three counts are based on the provisions of Section 12467, General Code, reading as follows:

"Whoever, being * * * receiver * * * embezzles or converts to his own use, fraudulently takes or makes away with, or secretes with intent to embezzle or convert to his own use anything of value which shall come into his possession by virtue of his election, appointment or employment * * *."

Except for the fact that each of these counts relates to a different parcel of real estate and a different transaction, the second and third counts are in the same form as the first count which, omitting the caption, is in the words and figures following, to wit:

"The jurors of the grand jury of the state of Ohio, within and for the body of the county aforesaid, on their oaths, in the name and by the authority of the state of Ohio, do find and present that John H. Clark, on about the 31st day of August, 1935, at the county of Marion aforesaid, did knowingly, wrongfully, fraudulently and unlawfully aid, abet, assist and encourage one Charles D. Schaffner, the said Charles D. Schaffner being then and there the duly appointed, qualified and acting receiver of The Citizens Building and Loan Company, having received his appointment by the Common Pleas Court of Marion county, Ohio, and he, the said Charles D. Schaffner, not being then and there a person within the age of eighteen years and not being then and there an apprentice, 'to unlawfully and fraudulently embezzle, convert to his own use, fraudulently take and make away with, and secrete with intent to embezzle and convert to his own use, the following described real estate,' to wit:

" 'Situated in the county of Marion, in the city of Marion and state of Ohio, and described as follows: being lot number 9454 in Oakland Heights Addition

to the city of Marion, Ohio,' of the value of twenty-two hundred fifty dollars ($2250) which said property had then and there come into his possession and care of him, the said Charles D. Schaffner by virtue of his employment as receiver of The Citizens Building and Loan Company of Marion, Ohio, and the said John H. Clark did so aid, abet, assist and encourage the said Charles D. Schaffner in furtherance of a common purpose and intent to injure and defraud the said The Citizens Building and Loan Company, and the said John H. Clark then and there well knowing that the said Charles D. Schaffner was the receiver of The Citizens Building and Loan Company, and that said property so unlawfully embezzled and converted, as aforesaid, was the property of The Citizens Building and Loan Company, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.''

The last three counts of the indictment are based on the provisions of Section 13104, General Code, reading as follows:

"Whoever, by false pretense and with intent to defraud, obtains anything of value * * *, if the value of the property * * * so procured * * * is thirty-five dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than three years * * *."

Except for the fact that each of these counts relates to a different parcel of real estate and a different transaction, the fifth and sixth counts are in the same form as the fourth count of the indictment, which fourth count, omitting the caption, is in the words and figures following, to wit:

"Fourth Count: And the jurors of the grand jury aforesaid, on their oaths and in the name and by the authority aforesaid, do further find and present that the said John H. Clark, on or about the 31st day of August, 1935, at the county aforesaid, did knowingly,

wrongfully, fraudulently and unlawfully aid, abet, assist and encourage one Charles D. Schaffner to falsely pretend, with intent to defraud, to the judge of the Common Pleas Court of Marion county, Ohio, who relied upon said false pretenses, that Walter E. Schaffner, a real estate broker of the city of Marion, Ohio, had procured a purchaser for the property hereinafter described in the person of John H. Berridge, and that the said John H. Berridge had offered as a purchase price for said property, the sum of thirty-two hundred dollars ($3200) in Citizens Building and Loan Company deposits; that the fair market value of said property was equal to said deposits and that it would be for the best interests of said company to sell said property as aforesaid, and by said false pretenses the said Charles D. Schaffner then and there unlawfully did obtain the following described real estate of the value of twenty-two hundred fifty dollars ($2250), to wit:

" 'Situated in the county of Marion, in the city of Marion and state of Ohio and described as follows: Being lot No. 9454 in Oakland Heights Addition to the city of Marion, Ohio,' whereas in truth and in fact the said Walter E. Schaffner, a real estate broker, had not procured a purchaser in the person of John H. Berridge and had not been offered the sum of thirty-two hundred dollars ($3200) in Citizens Building and Loan Company deposits, the said Charles D. Schaffner well knowing that said facts set forth in his application were untrue, and whereas, as a matter of fact the fair market value of said described real estate was more than the sum of $3200 in deposits of the Citizens Building and Loan Company, and whereas as a matter of fact it was not for the best interests of the Citizens Building and Loan Company that the said property be sold as aforesaid; and the said Charles D. Schaffner at the time he so falsely pretended as aforesaid, well knew the said false pretenses to be false, contrary to

the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.''

Section 12467, General Code, upon the provisions of which the first three counts are based, and Section 13104, General Code, upon the provisions of which the second three counts are based, are both in part fourth of the General Code, and are therefore subject to the rule of interpretation prescribed by Section 12369, General Code, reading as follows:

''In the interpretation of part fourth the term 'anything of value' includes money, bank bills or notes, United States treasury notes, and other bills, bonds or notes issued by lawful authority and intended to pass and circulate as money, goods and chattels, promissory notes, bills of exchange, orders, drafts, warrants, checks or bonds given for the payment of money, receipts given for the payment of money or other property, rights in action and things which savor of the realty and are, at the time they are taken, a part of the freehold, whether they be of the substance or produce thereof or affixed thereto, although there may be no interval between the severing and taking away, and every other thing of value.''

It will be noted that all of the classes of property specifically enumerated in this section are strictly personal property except ''rights in action and things which savor of the realty and are, at the time they are taken, a part of the freehold, whether they be of the substance or produce thereof or affixed thereto,'' and that the exception relates to property of a character that may by severance from the real estate be changed from real to personal property and may be removed from the real estate.

''In accordance with what is commonly known as the rule of *ejusdem generis,* where, in a statute, general words follow a designation of particular subjects or classes of persons, the meaning of the general words

will ordinarily be construed as restricted by the particular designation and as including only things or persons of the same kind, class, or nature as those specifically enumerated, unless there is a clear manifestation of a contrary purpose." 37 Ohio Jurisprudence, 779.

Applying this rule of construction to the provisions of Section 12369, General Code, above mentioned, it is obvious, there being no manifestation of a contrary purpose, that as the general words "and every other thing of value" follow a designation of particular subjects each and all of which are strictly personal property or property of a character that may by severance from real estate be changed from real to personal property and may be removed from the real estate, such clause is restricted by the particular designation and includes only things of the same class or nature as those specifically enumerated, and does not include real estate.

It will also be noted that the definition in this section, of the phrase "anything of value," is in terms inclusive and not conclusive or exclusive.

However, the appellant contends that the Supreme Court held otherwise in the case of *State* v. *Toney*, 81 Ohio St., 130, 90 N. E., 142. An examination of this case discloses that it involved an interpretation of the phrase "anything of value" as used in Section 7076, Revised Statutes, now designated as Section 13104, General Code, being the section on which the last three counts of the indictment are based, and the decision in the case that this phrase as used in said section applies to title to real estate situated in this state is based on the fact that prior to the commission of the offense charged in the indictment in said cause the original statute had been amended by eliminating therefrom the words "money, goods, chattels, merchandise, or effects whatsoever" and substituting therefor the phrase "anything of value," and the change being one of substance, indicated an intention on the part of the Legis-

lature to enlarge the scope of the section and include under the phrase "anything of value" the title to real estate.

Following the reasoning of the opinion in which such determination is reached, Judge Spear used the following language which is relied on by the appellant as constituting an interpretation of the provisions of Section 6794, Revised Statutes, now Section 12369, General Code, to wit:

"This rendering of the statute finds support, also, in the language of Section 6794, where it is provided that in the interpretation of part four (the penal part of the statute) 'the term "anything of value" includes * * * things which savor of the realty, and are, at the time they are taken, a part of the freehold, whether they be of the substance or produce thereof, or affixed thereto * * * and every other thing of any value whatever.' It would seem strange if it were the intention [of the Legislature] to include within the protection of the statute the inferior things of value, such as farm produce, and at the same time to exclude from such protection the farm itself."

It is essential to keep in mind that in the use of this language the general subject under discussion was the interpretation of the phrase "anything of value" as used in Section 7076, Revised Statutes (now Section 13104, General Code), and his reference to Section 6794, Revised Statutes (now Section 12369, General Code), is for the purpose of showing that that section which provides a rule of interpretation for the clause "anything of value" as it is used in Section 6842, Revised Statutes (now Section 12467, General Code), and Section 7076, Revised Statutes (now Section 13104, General Code), includes in the definition of "anything of value" certain things which savor of realty, such as farm produce, from which he reasons that it would seem strange if it were the intention of the Legislature in the amendment of Section 7076, Revised Stat-

utes (now Section 13104, General Code), to include within the protection of Section 7076, Revised Statutes, the inferior thing of value, such as farm produce, and at the same time to exclude from such protection the farm itself.

This case therefore is limited in its application to the construction of the provisions of Section 7076, Revised Statutes (now Section 13104, General Code), and has no application to the construction of Section 6842, Revised Statutes (now Section 12467, General Code).

It is also clear from the use of the words "embezzles or converts to his own use, fraudulently takes or makes away with, or secretes with intent to embezzle or convert to his own use," in Section 12467, General Code, preceding the phrase "anything of value" in said section, that real estate is not the subject of any offense prescribed therein as such words apply only to property of such character as may be physically reduced to possession and removed from the situs, that is, personal property.

The first three counts of the indictment purport to charge John H. Clark with aiding and abetting Charles D. Schaffner to unlawfully and fraudulently embezzle, convert to his own use, fraudulently take and make away with, and secrete with intent to embezzle and convert to his own use certain parcels of real estate.

As above mentioned, Section 12467, General Code, upon which said counts are based, does not prescribe such an offense, and there is no other statute prescribing such an offense.

This being the case these counts do not charge any offense on the part of the accused and the demurrer of the defendant thereto was properly sustained and the counts properly dismissed.

We will now consider the judgment of the court on the last three counts of the indictment.

As held in the case of *State* v. *Toney, supra,* above mentioned Section 7076, Revised Statutes (now Sec-

tion 13104, General Code), makes it an offense to obtain by any false pretense, with intent to defraud, the title to real estate situate in this state, so that any defect in the last three counts purporting to charge John H. Clark with aiding and abetting Schaffner in obtaining by false pretenses, and with intent to defraud, the title to several parcels of real estate therein described, must result from the failure to charge the offense prescribed by said section.

An examination of such counts discloses that there is a failure to charge facts showing the judge of the Common Pleas Court of Marion county had any jurisdiction in the premises concerning which the false representations are charged to have been made or that he acted on such false pretenses or that there was any connection between the making of such false pretenses by Charles D. Schaffner, whom John H. Clark is charged with aiding and abetting, and obtaining possession of the real estate. There is also a failure to charge the ownership of the real estate averred to have been obtained and to aver Clark's knowledge of the falsity of the representations. For these reasons the last three counts of the indictment were insufficient to charge an offense and the demurrer thereto was properly sustained and said counts dismissed. *State* v. *Williams,* 6 N. P. (N. S.), 406, 18 O. D. (N. P.), 794 (affirmed, *State* v. *Williams,* 77 Ohio St., 468, 83 N. E., 802).

For the reasons mentioned the judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.