**UNITED STATES of America**

v.

**Cornelius J. KEHOE and Ray K. Bullock.**

**Crim. No. 73–H–213.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 8, 1973.

Anthony J. P. Farris, U. S. Atty., Henry J. Novak, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff.

Robert A. Hall, Kennerly, Woodard, Hall, McCrory & Henry, Houston, Tex., for defendant Kehoe.

Richard Haynes, Haynes & Fullenweider, Houston, Tex., for defendant Bullock.

## MEMORANDUM AND OPINION

CARL O. BUE, Jr., District Judge.

Following completion of the Government's case, the defendants moved for judgment of acquittal under Fed.R.Crim. P. 29(a) alleging several grounds in support thereof. Of central importance to this Court's decision was the claim that the indictment failed to charge an offense against the laws of the United States of America, this being a non-waivable defense under Fed.R.Crim.P. 12(b)(2). In what is apparently a case of first impression in the federal courts, this Court felt constrained to grant defendants' motion for the reasons set forth below.

The indictment charged that defendants Kehoe and Bullock, President and Advisory Director, respectively, of Surety Savings Association, an institution the accounts of which are insured by the Federal Savings and Loan Insurance Corporation, embezzled .3082 acres of land, valued at $35,000, belonging to said institution, in violation of Title 18, United States Code, Section 657. Construing the evidence most favorably to the Government, the defendants were essentially charged with having used their fiduciary positions of authority to convey title to the land from Surety Savings to a third party. The sole consideration was alleged to have been the assumption by that third party of a promissory note for $35,000 on which the defendants were contingently liable. It was alleged that no consideration flowed to Surety Savings as a consequence of the conveyance of its property. The defendants strongly contest these assertions and contend that had they gone forward with the defense, they would have shown full consideration flowing to Surety Savings in an environment of bona fide, legal and legitimate business negotiations.

The critical issue before this Court was whether or not real property may be "embezzled" under this statute as alleged in the indictment.

Section 657, Title 18, United States Code provides, in pertinent part:

Whoever, being an officer . . . of . . . any institution the ac-

counts of which are insured by the Federal Savings and Loan Insurance Corporation . . . embezzles, abstracts, purloins or willfully misapplies any moneys, funds, credits, securities or other things of value belonging to such institution, or pledged or otherwise entrusted to its care, shall be fined . . . or imprisoned . . . .

Embezzlement has been defined for federal courts as "the fraudulent appropriation of property by a person to whom such property has been intrusted, or into whose hands it has lawfully come". Moore v. United States, 160 U. S. 268, 269–270, 16 S.Ct. 294, 295, 40 L. Ed. 422, 424 (1895); Woxberg v. United States, 329 F.2d 284, 290 (9th Cir. 1964); 29A C.J.S. Embezzlement § 1 (1965); 26 Am.Jur.2d Embezzlement § 1 (1966). It has been stated that embezzlement is a purely statutory offense, not having been a crime at common law. Hughes v. United States, 4 F.2d 686, 687 (10th Cir. 1925); 29A C.J.S. Embezzlement § 2 at 4–5 (1965); 26 Am.Jur.2d Embezzlement § 1 at 549–50 (1966). *Contra* United States v. Davenport, 266 F. 425, 431 (W.D.Tex.1920), aff'd, 276 F. 803 (5th Cir. 1921); United States v. Cadwallader, 59 F. 677, 680 (W.D.Wis. 1893) [both district courts citing 4 Bl. Comm. 231, an authority not readily available to this court]. This Court's necessarily limited review of embezzlement and its history comports fully with the following summary:

Embezzlement is purely statutory in its origin; it was unknown at common law, which, insofar as personal property was concerned, penalized only interferences with possession. Accordingly, at common law, if the possession of personal property was lawfully obtained in the first instance, its subsequent appropriation by the possessor constituted no offense. It was this failure of the common law to provide any criminal remedy for these breaches of trust, incident to the multiplying affairs of business on the part of servants, clerks, agents, bailees, trustees, and other persons occupying fiduciary positions that led to the enactment of the present Penal Code provision dealing with embezzlement. These provisions were not, however, intended to provide against every breach of duty or pecuniary obligation on the part of agents and employees toward principals and employers. Accordingly, in applying those articles of the Code to the various cases that may arise, careful discrimination is required, for it is sometimes difficult to draw with entire precision the line of demarcation between acts punishable as crimes under the code and those that are not within its purview, although presenting instances of breach of trust.

21 Tex.Jur.2d Embezzlement and Conversion § 2 at 579–80 (1961).

■ The Government has contended that the statutory language "other things of value" was sufficiently broad to include real property. The defendants have contended that the Court should apply the statutory rule of construction denominated "ejusdem generis" wherein the phrase should be construed to include only those things of the same class or nature as those specifically enumerated in the statute, this class being limited to items of personal property.[1]

---

1. The rule of *ejusdem generis*, closely related to that of *noscitur a sociis*, remains a valid rule of construction. *See* United States v. Standard Oil Co., 384 U.S. 224, 228, 86 S.Ct. 1427, 1429, 16 L.Ed.2d 492, 495 (1966); Haberman v. Equitable Life Assurance Society of United States, 224 F.2d 401, 405 (5th Cir. 1955), reh. den., 225 F.2d 837, cert. denied, 350 U.S. 948, 76 S.Ct. 322, 100 L.Ed. 826 (1956). The proper application of these rules is thoroughly discussed elsewhere. See 50 Am.Jur. Statutes §§ 249, 250 (1944). Most of the United States Supreme Court cases discussing the application and limits of these rules have been annotated. *See* Annot., 94 L.Ed. 464 (1949).

While there are critical distinctions between embezzlement and the other offenses included within this statute, all are basically similar in nature to larceny. *See* Morissette v. United States, 342 U.S. 246, 260–261, 72 S.Ct. 240, 96 L.Ed. 288, 299 (1951); Moore v. United States, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895); United States v. Northway, 120 U.S. 327, 7 S.Ct. 580, 30 L.Ed. 664 (1887). Larceny is commonly defined as "the felonious taking and carrying away of the personal goods of another". United States v. Turley, 352 U.S. 407, 412, 77 S.Ct. 397, 399, 1 L.Ed.2d 430, 434 (1957). The elements of embezzlement are admittedly somewhat different.

> [Embezzlement] differs from larceny in that the fact that the original taking of the property was lawful, or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking.

Moore v. United States, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422, 424 (1895). *See also* United States v. Powell, 294 F.Supp. 1353, 1355 (E.D.Va. 1968), aff'd, 413 F.2d 1037 (4th Cir. 1969); 29A C.J.S. Embezzlement § 5 (1965). Notwithstanding this fact, and notwithstanding the apparent majority view that "embezzlement" is a purely statutory rather than a common law offense, the term, nevertheless, has acquired a well established connotation which approaches the sanctity of a common law meaning. United States v. Northway, *supra,* 120 U.S. at 334, 7 S. Ct. at 584, 30 L.Ed. at 666. It is limited to items of personal property, similar to the offense of larceny after which embezzlement was patterned. Where a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the United States Supreme Court has held that the general practice is to give that term its common-law meaning. United States v. Turley, 352 U.S. 407, 411, 77 S.Ct. 397, 399, 1 L.Ed.2d 430, 433 (1957). This

same practice appears to be proper for established terms such as "embezzlement".

In 1896 the Supreme Court of California was confronted with virtually the identical issue now before this Court, the specific statute there under consideration being one pertaining to "false pretenses".

> And the offense of false pretenses, under the English statutes, has always been construed as largely analogous to, and closely bordering upon, that of larceny, and as applying only to personal property, which was capable of manual delivery, and the subject of the latter offense, and has always been punishable in much the same manner as larceny. Real property under the English law was never the subject of the offense either of cheating or of false pretenses. Being incapable of larcenous asportation, it was not regarded as requiring at the hands of the criminal law the same protection as personalty. Since it could not be carried away and dissipated like chattels, although a man might be deprived of his landed estate by means of fraudulent practices and devices, yet the property was bound to remain stationary, and accessible to the reach of the law, and he was relegated to the civil courts for his redress of the wrong.

> Our American statutes upon the subject have all followed more or less closely those of England. As indicated, there are slight differences in language, but in substantive purpose and effect they are the same.

People v. Cummings, 114 Cal. 437, 46 P. 284 (Sup.Ct.1896). Other state cases which have been located reach the identical conclusion for substantially the same reasons. *See* State v. Clark, 60 Ohio App. 367, 21 N.E. 484 (1938); Manning v. State, 175 Ga. 875, 166 S.E. 658 (Sup.Ct.1932); State v. Eno, 131 Iowa 619, 109 N.W. 119 (1906). This

Court has thoroughly reviewed federal criminal statutes, and annotations relating thereto, similar in nature to embezzlement, theft and larceny [2] and has been unable to find any legislative indication that Congress has sought to modify the traditional definition and limitations of larcenous-like offenses. The logic of People v. Cummings, as applied in a federal context, appears to be as valid now as it was in 1896. It was instructive to this Court to note that the California legislature subsequently amended the California statute at issue in *Cummings*. The California Supreme Court thereafter held that it was proper for the legislature to depart from the common law by specifically including real property within the statute. People v. Rabe, 202 Cal. 409, 416, 261 P. 303, 306 (Sup.Ct. 1927). Since then real property in California has been held to be properly the subject of embezzlement, People v. Roland, 134 Cal.App. 675, 26 P.2d 517 (1933), as well as larceny. People v. Pugh, 137 Cal.App.2d 226, 289 P.2d 826 (1955), app. denied, 352 U.S. 885, 77 S. Ct. 141, 1 L.Ed.2d 83 (1956); People v. Brunwin, 2 Cal.App.2d 287, 37 P.2d 1072 (1934).

■ This Court was aware of and concerned with the fine distinctions being made when the motion for judgment of acquittal was urged by defendants at the close of the Government's case. Had the evidence shown that the property was sold by and for the benefit of Surety Savings with the defendants in their fiduciary capacities diverting the consideration of such sale for their own benefit, an indictment alleging embezzlement might have been proper. However, the circumstances of this case, accepted as true for purposes of this motion, showed that the alleged consideration never was intended to flow to Surety but only to the defendants. Although the defendants ostensibly deprived Surety Savings of real estate holdings, no funds, credits or securities belonging to Surety were taken. While this distinction is a fine one, it is one that is critical to the offense of "embezzlement".

Criminal statutes are to be construed strictly with an eye to precedent, legislative history and common sense. *See* United States v. Standard Oil Co., 384 U.S. 224, 225, 86 S.Ct. 1427, 1428, 16 L. Ed.2d 492, 494 (1966). This Court has made every effort to do so and has found no legislative indication that the traditional personal property limitation of embezzlement has been abrogated by Congress. For this Court to hold that real estate may be the subject of embezzlement under this federal statute as presently framed would not involve court interpretation, but would constitute judicial legislation.

The restricted usage of the term embezzlement necessitated the application of the doctrine of ejusdem generis to the phrase "other things of value" contained in Title 18, United States Code, Section 657. Properly interpreted, it may include only items of personal property. For the foregoing reasons, this Court granted defendants' motion for judgment of acquittal on the grounds that the indictment failed to state an offense against the United States of America.

2. 18 U.S.C. §§ 641–660.