JASPER N. ALDERMAN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. An indictment for larceny after trust, under section 4422 or 4224 of the Code, which charges that defendant did fraudulently convert the goods entrusted to him to his own use, need not charge that the same was done without the consent of the owner or bailor, and to his injury, and without paying him on demand the full value thereof; these clauses of the sections, or either of them, apply to other disposition of the goods than to the bailee's fraudulent conversion to his own use, and need only be charged and proven in such cases.

2. The identity of the hog and time of the larceny are sufficiently proven, and the description as a black male hog, the property of John G. Blitch, in the indictment, is sufficient, and proof that the hog was marked does not contradict such description.

3. Where the question is whether a fraudulent conversion took place in Bulloch county, and one witness, who was not present at the conversion, testifies to several circumstances, adding, "was in Bulloch county," and the witness who saw the act of conversion does not locate it in any particular county, the venue of the crime is not sufficiently proved.

JACKSON, Judge, dissented from last point and judgment of reversal, as follows:

1. Public policy requires the rigid enforcement of the criminal law, especially in respect to all larceny from farmers of the provisions they are trying to raise.

2. The words "was in Bulloch county," used by the bailor of the hog, and who proved confession of guilt, mean that the crime was committed in that county. The testimony in such cases, in circuit practice, is usually rapidly written down. What the bailor said, to-wit: "Was in Bulloch county," with the evidence of the other witness that defendant said he had charge of bailor's hogs, and that he killed the black hog in the field, and got him, the witness, and another, to go after it at night, and cleaned it at witness' house, and they ate the hog, which was of good size, and worth five dollars, is, in my judgment, ample to sustain the venue, and the verdict and judgment of the court, especially as it does not appear in the record

that any point was made on the venue on the jury trial in the court below, or in the motion for a new trial.

Criminal law.    Indictment.    Before Judge TOMPKINS. Bulloch Superior Court.    April Term, 1875.

Alderman was indicted for the offense of larceny after trust.    The indictment, after charging the crime in general terms, contained the following specific allegations : "For that the said Jasper N. Alderman, in the county of Bulloch and state of Georgia aforesaid, on the first day of May, in the year of our Lord 1872, was then and there entrusted by one John G. Blitch with one hog of the male sex, of the value of $10 00, the property of John G. Blitch—a black hog—for the purpose of applying the same to the use and benefit of him, the said John G. Blitch, and after having been entrusted as aforesaid, afterwards, to-wit: in the county and state aforesaid, on the first day of October, 1872, did then and there wrongfully and feloniously convert the said one black hog to his own use, without the consent of the said John G. Blitch, the owner thereof, and to his injury, and without paying to him the full value or market price thereof."

On the trial the following evidence was introduced :

1st.   The evidence of prosecutor, John G. Blitch, which was, in brief, as follows : Entered into an agreement about January, 1872, with prisoner, by which he was to take charge of witness' hogs and feed them ; he was to have no interest in them, but was to receive a third of those that should be raised by him ; a settlement was to be had at the end of the year. Under this agreement witness turned over to prisoner some twenty or thirty marked hogs; there were some black ones among the number ; sent him word not to kill any of them. Prisoner did not come for a settlement at the end of the year ; no settlement was had ; could never see prisoner.   He had the hogs under his control in October, 1872.   Some time afterwards prisoner came to witness for a settlement.   He then stated that he had killed one of witness' hogs.   Witness found no hogs that had been raised, and but few that were

Alderman *vs.* The State of· Georgia.

on hand at the time of the agreement. "Confession of prisoner was made to me after he was indicted. Hogs lost were grown. Books showed some thirty marked hogs, and found about twelve or fifteen. Did not account for the lost hogs. Was in Bulloch county, Georgia."

2d. The evidence of Tom Anderson, which was,·in brief, as follows: Knows Blitch; also prisoner; heard the latter say he had charge of, the former's hogs; prisoner stated to witness that he had killed one of Blitch's hogs, and asked him and one Moore to go to the field, where it was, after it; they went for it about an hour after dark, when their day's .work was done; he cleaned it at witness' house; prisoner ate the hog; gave witness some of it; can't say how long since this happened; cannot tell value of hog.

The jury found a verdict of guilty. ·

Defendant moved for a new trial on the following, among other grounds:

1st. Because the verdict was contrary to law and the evidence, and without evidence to support it.

2d. Because the verdict was contrary to the charge of the court, there being no evidence to show that the particular hog described in the indictment was the one that Alderman killed, the court having charged that the *allegata* and *probata* should correspond.

The motion was overruled, and defendant excepted.

MELDRIM & ADAMS, for plaintiff in error.

A. R. LAMAR, solicitor general, for the state.

JACKSON, Judge.

The facts reported, and the principles announced in the head-notes, will show the opinion of the court, as well as my own, in this case.

Judgment reversed.