Brown, *alias* Adams, *v.* The State.

An indictment for simple larceny, charging the theft of " one dark bay horse with one white spot on the end of his nose and one small white spot in his forehead," did not describe the property alleged to have been stolen, with the accuracy and fullness our statute requires, and a special demurrer thereto on this ground should have been sustained.

February 7, 1891.

Criminal law. Larceny. Indictment. Before Judge Miller. Bibb superior court. November term, 1889.

Reported in the decision.

Hardeman & Nottingham and Dessau & Bartlett, for plaintiff in error.

W. H. Felton, Jr., solicitor-general, *contra.*

LUMPKIN, Justice.

Sections 4394 and 4395 of the code read as follows: "Horse stealing shall be denominated simple larceny, and the term 'horse' shall include mule and ass, and each animal of both sexes, and without regard to the alterations which may be made by artificial means." "The offence shall, in all cases, be charged as simple larceny, but the indictment shall designate the nature, character and sex of the animal, and give some other description by which its identity may be ascertained." By the first of these sections, the theft of any horse, mule or ass is made "horse stealing," without regard to the sex of the animal, or to any alteration which may be made by artificial means.

The word "horse," as used in this section, is a generic term, which includes horse, as a species, mule, and ass. Horse, as a species, may again be subdivided into stallion, ridgling, gelding and mare, and the same subdivision may be made as to mule and ass. Colloquially, the word "horse," among our people, usually means a male gelding of the horse species. So, if section 4394 was the only one with which we had to deal, it would be proper to sustain this indictment, on the idea, that by it the defendant was sufficiently informed as to what kind of "horse" he was charged with stealing; that is to say, he would understand the word "horse" to mean what it usually does in every-day use and conversation. But the next section provides distinctly what indictments for this class of offences shall contain, and declares that such indictments shall designate the nature, character and sex of the animal, and also give some other description fixing its identity. The latter requirement of this section was complied with, in this case, by giving the color and flesh-marks of the animal, but we do not think the use of the word "horse," which has both a generic and a specific sig-

nification, distinctly recognized by our statute, was sufficient to give the defendant full and fair notice of the "nature, character and sex" of the animal, as the law evidently contemplated should be done. Nor is the defect in this indictment cured by the use of the pronoun "his," because, under section 4, par 3, of the code, the masculine includes the feminine and neuter genders. But even if, in this case, this pronoun is to be understood as meaning a male, it still remains indefinite and uncertain, whether it means a male horse, a male mule, or a male ass; and if a horse, whether he was a stallion, a ridgling or a gelding.

We regard it unnecessary to quote authorities to sustain the ruling herein made, because we think the question at issue is settled by the plain words of our own statute. To give a practical meaning to all the words used in both the sections of the code referred to, leads inevitably, we think, to the conclusion we have reached. The ruling of this court in the case of *Taylor* v. *The State*, 44 *Ga.* 263, properly understood, is not in conflict with this conclusion. There, the defendant was indicted for stealing a "chestnut sorrel horse," entered his plea of not guilty, without making any objection to the indictment, and was convicted. He then moved in arrest of judgment, the motion was denied, and this court sustained the court below in so doing. Now, inasmuch as the word "horse" *may mean* a male horse, of the horse species, and the defendant was satisfied with the description in the indictment, and did not, by demurrer or otherwise, demand any further or more particular description, it was too late, after verdict, to make his objection to the indictment. This is all the judgment in that case amounts to, and we think it was right. We do not wish to be understood as following and adopting all that was said in that case by Lochrane, C. J., because we do not think some of his expressions

are borne out by the statute, or a proper course of reasoning thereon. We simply mean to say we agree to what was actually adjudged in that case, and it does not conflict with our judgment in this. Here, the defendant, at the proper time, which was before pleading to the merits, demurred specially to the indictment, and thereby in effect demanded, as was his right, to be distinctly and accurately informed as to the nature, character and sex of the animal he was charged with having stolen, and we do not think this right should have been denied him. Our code, section 4629, recognizes the right of a defendant to take exception to an indictment for any formal defect, provided he does so before trial, that is upon arraignment, and that is precisely what the defendant did in this case.

*Judgment reversed.*