## 2534.    GIBSON *v.* THE STATE.

1. In an indictment for cattle-stealing, the following description of the animal alleged to have been ,stolen is sufficient, namely, "One cream-colored Jersey cow, of the personal goods of [the prosecutor], and of the value of forty dollars."

2. It is a matter of common knowledge, of which the court will take judicial cognizance, that a cow is a female animal, is a horned animal, and has cloven hoofs, and that the larceny of a cow is, therefore, within the purview of § 159 of the Penal Code.

3. The evidence is sufficient to authorize the verdict.

Indictment for cattle-stealing; from Floyd superior court— Judge Maddox. February 16, 1910.

Submitted April 12,—Decided April 19, 1910.

*M. B. Eubanks, W. B. Mebane,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.

POWELL, J. 1. The defendant was indicted for the larceny of "one cream-colored Jersey cow, of the personal goods of one. E. E. Casey, and of the value of forty dollars." He demurred to the indictment, on the ground that "the description of the animal alleged to have been stolen is insufficient, and fails to so describe such animal as to put defendants on notice sufficient to enable them to prepare their defense."

The plaintiff in error cites the case of *Brown* v. *State*, 86 *Ga.* 633 (13 S. E. 20); in which it was held that the word "horse" does not denote the sex of the animal. Section 157 of the Penal Code relates to horse-stealing, and prescribes that the indictment "shall designate the nature, character, and sex of the animal, and give some other description by which its identity may be ascertained." By §159 of the Penal Code it is provided: "Cattle-stealing shall be denominated simple larceny, and be so charged in the indictment, and shall include the theft of any horned animal, and all animals having the cloven hoof, except hogs;" while §160 provides that "The indictment shall sufficiently describe the animal falling under the description of cattle in the preceding section, so that it may be ascertained and identified by the owner." It is to be noted that in an indictment for cattle-stealing it is not necessary to allege the sex, as it is in an indictment for horse-stealing. But if it were, we would hold that the word "cow" does denote the sex of the animal. Any one having any doubt on this proposition can relieve the doubt by consulting the dictionary.

2. Counsel for the plaintiff in error further makes the point that the indictment does not allege and the proof does not show that the animal alleged to have been stolen had either horns or cloven hoofs, so as to bring the larceny within the provisions of §159 of the Penal Code. The animal is described as a cow, and we know personally, and it is not stretching judicial cognizance for us to know also as a court, that a cow is a horned animal, and also is an animal having a cloven hoof.

3. The evidence was sufficient to show the defendant's guilt. Indeed, the counsel for the plaintiff in error seems to concede this.

*Judgment affirmed.*