## 22849. SHERROD *v.* THE STATE.

DECIDED FEBRUARY 3, 1933.

*I. H. Corbitt,* for plaintiff in error.

*H. C. Morgan, solicitor-general,* contra.

MacIntyre, J. The indictment in this case charges "Ben J. Sherrod and Jack Sherrod . . with the offense of simple larceny," in that they did "wrongfully and' fraudulently take and carry away, with intent to steal the same, of the personal property of E. E. Luke, sixteen goats, four male and twelve females, all marked crop and under and upper bit in right ear and crop and under bit in left ear, and of the value of $1 each. . . ." As stated by counsel for plaintiff in error, "the sole question . . to be determined is whether the court committed error in charging the jury as set out in the first and second paragraphs of the amended motion."

The charge complained of in special ground 1 is as follows: "The court charges you that the crime of stealing goats is simple larceny, but at the same time it is made by law a felony, and the punishment is not less than two years nor more than four years in the penitentiary." This charge is alleged to be error "because the crime of stealing goats is not a felony, but is a misdemeanor." Special ground 2 is essentially the same as the foregoing ground, it being averred therein that the court erred in instructing the jury that, in the event of a conviction, the punishment would be "not less than two years nor longer than four years." In short, the court was of the opinion that the larceny of goats comes under the head of "cattle stealing," as defined in the Penal Code (1910), § 156, and, of course, that the punishment for the larceny of goats is prescribed by the Penal Code (1910), § 158, which reads as follows: "The stealing of one or more animals falling under the above description of cattle shall be punished by imprisonment in the penitentiary not less than two nor longer than four years." On the other hand, counsel for plaintiff in error contends that the larceny of a goat is covered by § 161 of the Penal Code (1910), which is as

follows: "All other domestic animals which are fit for food, and also a dog, may be subjects of simple larceny; and any person who shall steal any such animal shall be guilty of a misdemeanor."

"It is a matter of common knowledge, of which this court will take judicial cognizance, that a cow is a female animal, is a horned animal, and has cloven hoofs, and that the larceny of a cow is, therefore, within the purview of § 159 of the Penal Code." *Gibson* v. *State,* 7 *Ga. App.* 692 (2) (67 S. E. 838). Section 159, referred to in the *Gibson* case, is § 156 in the present code. By the same token, judicial cognizance will be taken that a goat is a "horned animal" and has "the hoof cloven." Section 161 of the Penal Code (1910) covers "all other domestic animals which are fit for food, and also a dog." To our minds it is obvious that a goat, which is a "horned animal" with "the hoof cloven," comes within the purview of section 156 of the Penal Code which reads as follows: "Cattle-stealing shall be denominated simple larceny, and so charged in the indictment, and shall include the theft of any horned animal, and all animals having the hoof cloven, except hogs;" and not within section 161, supra, of the same code. It follows that the excerpts from the charge are not erroneous for the reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*