30070.   LOVE *v.* THE STATE.

DECIDED MAY 14, 1943.

*W. G. Neville,* for plaintiff in error.

*B. H. Ramsey, solicitor,* contra.

GARDNER, J. ■ Baby Love was tried on an accusation which described the stolen property as follows: "Two Bourbon red turkey gobblers and two Bourbon red turkey hens, weighing about 60

pounds, of the value of 35 cents per pound, and being of the total value of $21, the same being the personal goods and property of James H. Brannen." The defendant interposed general and special demurrers. The general demurrer was to the effect that the accusation charged no offense against the laws of this State. The special demurrers attacked the description of the property as being insufficient to put the defendant on notice "as to what he was required to defend," as follows: "Said description being too indefinite, uncertain and insufficient, because it fails to give any special marks, brands, and individual markings and characteristics of said turkeys by which the same might be identified as the property of the prosecutor; and because the description does nothing more than allege the breed of said turkeys and their weight and which fails to differentiate the property allegedly stolen from numbers of other turkeys of the same breed." The court overruled the demurrer and the defendant excepted.

In *Alderman* v. *State,* 57 *Ga.* 367, the description "a black male hog, the property of John G. Blitch," was held sufficient. See also *Teal* v. *State,* 119 *Ga.* 102 (45 S. E. 964), where "one horse of the female sex, said animal being a dark bay mare," was held a sufficient description as against a special demurrer. In *Gibson* v. *State,* 7 *Ga. App.* 692 (67 S. E. 838), "one cream-colored Jersey cow, of the personal goods of [the prosecutor] and of the value of $40" was held sufficient. In *Geiger* v. *State,* 21 *Ga. App.* 75 (93 S. E. 1027), "one black barrow hog of the value of $10, . . also one dark red or suttie sow hog of the value of $10," was held to be a sufficient description of the stolen property. In *Knight* v. *State,* 25 *Ga. App.* 765 (105 S. E. 55) the description was: "One red and black spotted sow hog of value $10, one white and black spotted sow hog of value $10, one red and black spotted male hog of value of $10, one dark red male hog of value $10, and two white and black spotted sow hogs of value of $10 each; all of the value of· $60 and of the personal goods of O. A. Allen." This was held good as against a special demurrer. See also *Hixon* v. *State,* 35 *Ga. App.* 392 (133 S. E. 285). In view of these authorities the court did not err in overruling this demurrer to the accusation.

■ The first special ground of the motion complains of the admission of certain testimony of deputy sheriff Deal, whom the prosecutor summoned to the scene after he had missed his turkeys.

The investigating officers, having obtained information that the defendant, his brother, Charlie Love, and his brother-in-law, Tommie Horne, were in the vicinity of the house of the prosecutor on the night the turkeys were stolen, and having information of circumstances which tended to incriminate the three of them, had detectives in Savannah put them under arrest. They were arrested at the home of Baby Love. The Savannah detectives delivered the custody of the defendants to the investigating officers, along with an automobile (belonging to Baby Love) and three sacks. In the presence of the defendants, while they were together and while defendants were under arrest in Savannah, and in the presence of Deal, the Savannah detectives stated that the automobile was seized at the home of Baby Love. In delivering the sacks the detective said that one of the sacks was found in the automobile and the other two were found in Baby Love's house. The sacks, which bore evidence of having been used in the theft of the turkeys, were offered by the State in evidence. The defendant objected to the admission of the sacks on the following grounds: (a) that the detective had not been subpœnaed; (b) that Deal, in identifying the sacks, based his knowledge that the sacks were sacks belonging to Baby Love on hearsay of the Savannah detectives, and had no direct knowledge that the sacks were in the possession of the defendant; (c) that the Savannah detective was available to the court and had not been subpœnaed; (d) that the evidence was immaterial, prejudicial, and harmful to the movant; (e) that the defendant was entitled to have the detective present in order that he might cross-examine him. This evidence was admissible under the Code, § 38-409. In *Thurman* v. *State,* 14 *Ga. App.* 543 (3) (81 S. E. 796), this court held· "Evidence as to a declaration of a bystander, accusing one then present of the commission of a criminal act, which declaration the accused person heard but failed to deny or explain, may tend to establish his guilt, and is admissible on his trial for such offense. Penal Code, § 1029" (Code, § 38-409). Compare also *Thomas* v. *State,* 143 *Ga.* 268 (84 S. E. 587). There is no merit in this contention.

■ Special grounds 2, 3, and 4 will be treated together. A colloquy was entered into by counsel for defendant, the solicitor-general, and the court, when the objection immediately above referred to was in progress, in regard to a statement by witness Deal as fol-

lows: "If I [Deal] had known that the county had wanted to use that much money to get him here [meaning the Savannah detective] I would have gotten them here." Whereupon counsel for defendant made a motion for a mistrial. The court overruled the motion. Counsel for defendant then stated: "I want the court to instruct the jury in the proper manner as to that statement." The solicitor-general stated: "We are willing to ask the jury not to consider that statement because it is no more than any statement I would make or Mr. Neville [defendant's counsel] would make." The court then stated: "I will let it go for the time being." It is contended that the admission of such evidence was prejudicial and harmful to defendant, since the jurors were taxpayers and it tended to prejudice the minds of the jury against the defendant because the alleged misconduct of the defendant had put the county to unnecessary expense. The witness's statement was an assertion of the deputy sheriff when he felt he was called on to explain why he did not have the detective present. While the excuse he offered was not a legal one and should have been excluded, still, since the evidence which brought on the colloquy was admissible, and in view of what the solicitor-general said immediately thereafter, and the remark of the court that he would let it in for the time being, and the court's attention not thereafter having been called to the question, under the entire record of this case the ruling does not require a reversal. Neither does the overruling of a motion for mistrial, as referred to in ground 3, based on this statement of the deputy sheriff, require a reversal. Nor does the assignment of error in ground 4, based on the failure of the judge to specifically instruct the jury as to such remark, require a reversal under the record of this case. These grounds do not show reversible error.

The evidence is sufficient to sustain the verdict under the general grounds.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*