A07A1038. CURTIS et al. v. THE STATE.
(645 SE2d 705)

BLACKBURN, Presiding Judge.

Following a jury trial, Karen Curtis and her mother (Shirley Curtis) appeal Karen's misdemeanor conviction for battery on a

police officer and Shirley's misdemeanor conviction for obstruction of an officer, which convictions arose out of an incident at the Atlanta airport when an officer was citing Shirley for refusing to move her vehicle from the loading and unloading area. The women complain that the court failed to give certain jury charges and that the evidence fatally varied from the allegations of the accusation. Discerning no error, we affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that Karen's parents drove her to the Atlanta airport to the unloading area and assisted in removing Karen's baggage from the vehicle. Karen's mother (Shirley) then sat in the driver's seat while Karen's father assisted Karen in transporting the luggage to the waiting line for curbside check-in. He stayed with Karen for some time.

Officer Melody Dunn approached the waiting vehicle and motioned Shirley to move her vehicle on, as the vehicle was not actively involved in loading or unloading as required by posted signs. When Shirley did not move, Officer Dunn explained to her that there was no waiting curbside and that she would need to circle around the airport and return. Shirley protested that she was waiting for someone; Officer Dunn reiterated that she could not wait and would have to move on. Shirley pulled forward a few inches and continued to wait. Officer Dunn approached her again and instructed her a second time that she could not wait curbside. Shirley again pulled forward a short distance and continued to wait. Officer Dunn approached Shirley a third time and, after reminding her she could not wait curbside, asked for her driver's license. With the driver's license in hand, Officer Dunn went to the rear of the vehicle to write out a citation and to record the vehicle's tag information.

Shirley exited the vehicle and approached Officer Dunn, complaining about the citation. A second officer appeared and began speaking with Shirley. Witnessing these circumstances from the waiting line, Karen approached Officer Dunn and began challenging her right to issue a citation to Shirley. Officer Dunn responded that she needed to finish the citation.

Karen then grabbed Officer Dunn by the jacket, resulting in Officer Dunn dropping her ticket book and turning Karen away from her. Karen struggled against the officer, and Shirley then decided to enter the fray, throwing herself between Officer Dunn and Karen and striking Officer Dunn with a closed fist. The second officer intervened and assisted Officer Dunn in arresting Karen and Shirley.

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Both women were charged with obstructing an officer[2] and with committing simple battery on an officer;[3] Shirley was also charged with failing to obey an officer[4] and with parking in a prohibited area.[5] Acquitting them of most charges, a jury found Karen guilty of committing simple battery on an officer and found Shirley guilty of obstructing an officer. Following the denial of their motion for new trial, Karen and Shirley appeal.

1. Karen and Shirley first contend that the court erred in refusing to give their requested written jury charge that one may resist an unlawful arrest with reasonably necessary force. See *Jones v. State*;[6] *Smith v. State*.[7] We hold that as to the obstruction charge, the charge was unnecessary as such was covered by the charge on the elements of the offense. As to the battery charge, Karen testified that she never touched the officer; therefore, she was not entitled to this affirmative defense.

(a) *Shirley's Obstruction Conviction.* OCGA § 16-10-24 (a) provides in pertinent part that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." "Consequently, as an essential element of a prosecution for this offense, the State must prove that the officer was in the lawful discharge of his official duties at the time of the obstruction." *Green v. State.*[8]

In the present case, the acts of obstruction committed by Shirley consisted of her attempts to resist Karen's arrest. If Karen's arrest itself was unlawful, then Officer Dunn would not have been acting in the lawful discharge of her official duties by attempting to arrest Karen, and Shirley's resistance to the arrest would not constitute obstruction. *Green*, supra, 240 Ga. App. at 775 (1). Consequently, under the facts of this case, the State was required to prove the lawfulness of the arrest in order to prove an essential element of the obstruction offense against Shirley. See id.; *Brown v. State*[9] ("a police officer is *not* discharging his lawful duty when he arrests an individual without reasonable or probable cause") (emphasis in original).

The trial court here correctly instructed the jury on the essential elements of the offense, charging that "[a] person commits the offense of obstruction of an officer when that person knowingly and wilfully

[2] OCGA § 16-10-24 (a).

[3] OCGA § 16-5-23 (e).

[4] OCGA § 40-6-2.

[5] OCGA § 40-6-203 (a) (3) (B).

[6] *Jones v. State*, 242 Ga. App. 357, 359 (3) (529 SE2d 644) (2000).

[7] *Smith v. State*, 84 Ga. App. 79, 81 (1) (65 SE2d 709) (1951).

[8] *Green v. State*, 240 Ga. App. 774, 775 (1) (525 SE2d 154) (1999).

[9] *Brown v. State*, 163 Ga. App. 209, 212 (4) (c) (294 SE2d 305) (1982).

obstructs or hinders a law enforcement officer in the lawful discharge of his official duties." The trial court also instructed the jury that the State had the burden of proving every essential element of the crimes charged beyond a reasonable doubt. An additional instruction on the right to resist an unlawful arrest was unnecessary, since such was already fairly covered by the charge on the elements of the obstruction offense; therefore, the court did not err in refusing to give that additional instruction here. *Green*, supra, 240 Ga. App. at 776-777 (1). See *Long v. State*.[10]

(b) *Karen's Battery Charge.* We treat Karen's battery-on-an-officer charge differently, as the elements of this offense are different. OCGA § 16-5-23 (a) defines simple battery as intentionally making physical contact of an insulting and provoking nature with the person of another. OCGA § 16-5-23 (e) increases the severity of the charge to a high and aggravated misdemeanor if the person commits a simple battery against a police officer engaged in carrying out official duties. Thus, unlike an obstruction charge, the State need not prove that the officer was in the *lawful* discharge of his official duties, but only that the officer was engaged in carrying out official duties. The element of showing that the arrest being carried out was itself lawful is not required in a battery-on-an-officer charge. Accordingly, a charge of battery on an officer is subject to the affirmative defense that the person was resisting an unlawful arrest. *Smith*, supra, 84 Ga. App. at 81 (1).

Nevertheless, Karen was not entitled to the charge here. "An affirmative defense is one in which the defendant admits the act but seeks to justify, excuse, or mitigate it. *The defendant must admit the crime before he can raise the defense.*" (Footnote omitted; emphasis supplied.) *Code v. State*.[11] See *Frasard v. State*.[12] Here, Karen in her testimony at trial repeatedly denied having ever touched Officer Dunn or having otherwise resisted arrest. A defendant's testimony that he did not resist the arrest justifies the trial court's refusal to give a jury charge on the affirmative defense of resisting an unlawful arrest. *Jones*, supra, 242 Ga. App. at 360 (4).

2. Karen and Shirley next argue that the court erred in failing to give a charge of self-defense under OCGA § 16-3-21. However, they did not submit a written request to charge on this issue. "This court

---

[10] *Long v. State*, 261 Ga. App. 478, 480 (1) (583 SE2d 158) (2003).

[11] *Code v. State*, 255 Ga. App. 432, 434 (4) (565 SE2d 477) (2002).

[12] *Frasard v. State*, 278 Ga. App. 352, 356-357 (3) (629 SE2d 53) (2006) (physical precedent only).

has held that where there has been no written request to charge, failure to give the charge is not error." (Punctuation omitted.) *Benefield v. State.*[13]

The women contend that they made an oral request to charge on self-defense; *Benefield* observed that such is insufficient. Id. at 87. The women then point out that failure to give a charge on a defendant's sole defense is error regardless of whether the defendant requested a charge on the defense. See *Henderson v. State.*[14] The record reveals, however, that self-defense was not Karen's and Shirley's sole defense; in their testimony at trial, they both denied having ever touched Officer Dunn. Accordingly, the court did not err in failing to charge the jury on self-defense. *Rowland v. State;*[15] *Benefield,* supra, 204 Ga. App. at 87.

3. In their final enumeration of error, Karen and Shirley argue that the evidence at trial fatally varied from the allegations of the accusation and that the court should have accordingly granted them a directed verdict on the charges of which they were eventually convicted. Specifically, the obstruction charge against Shirley alleged that she "did knowingly and willfully obstruct and hinder M. Dunn, a law enforcement officer, in the lawful discharge of his official duties"; the battery charge against Karen alleged that she "did intentionally make physical contact of an insulting and provoking nature with the person of M. Dunn, a law enforcement officer, while he was carrying out his official duties." The women contend that these allegations required that the State show that Officer Dunn was male, whereas the evidence showed that Officer Dunn was female.

"A variance is not fatal if the accused is definitely informed as to the charges against him and is protected against another prosecution for the same offense[,] for the present trend of case law is away from the overly technical application of the fatal variance rule." (Punctuation omitted.) *Nelson v. State.*[16] Here, the State was merely using the masculine pronoun in its recognized generic sense to include the feminine gender. *Bailey v. Todd*[17] rejected a similar argument about the use of "his" versus "her," reasoning that it is well understood that "[i]n a generic sense the term 'man' includes 'woman' and the pronoun 'he' includes a person of the feminine gender. *Hightower v. State.*"[18] (Punctuation omitted.) See OCGA § 1-3-1 (d) (4) (for purposes of

---

[13] *Benefield v. State,* 204 Ga. App. 87 (418 SE2d 447) (1992).

[14] *Henderson v. State,* 141 Ga. App. 430 (4) (233 SE2d 505) (1977).

[15] *Rowland v. State,* 228 Ga. App. 66, 68 (1) (491 SE2d 119) (1997).

[16] *Nelson v. State,* 269 Ga. App. 103, 106 (2) (603 SE2d 691) (2004).

[17] *Bailey v. Todd,* 126 Ga. App. 731, 736 (8) (191 SE2d 547) (1972).

[18] *Hightower v. State,* 14 Ga. App. 246, 247 (3) (80 SE 684) (1914).

statutory interpretation, "[t]he masculine gender includes the feminine and the neuter"); *Brown v. State*[19] (use of "his" in indictment did not specify gender since "the masculine includes the feminine and neuter genders"). Indeed, in the obstruction count in the accusation, the State was merely tracking the language of the governing statute, which itself uses the masculine pronoun "his" to include the feminine gender. See OCGA § 16-10-24 (a) ("a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of *his* official duties is guilty of a misdemeanor") (emphasis supplied).

Accordingly, we hold that the accusation here definitely informed Karen and Shirley as to the charges against them and protected them against another prosecution for the same offense. The court did not err in denying their motion for a directed verdict on the grounds of a fatal variance.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MAY 8, 2007.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellants.
*Leslie Miller-Terry, Solicitor-General, Stephen N. Knights, Jr., Assistant Solicitor-General*, for appellee.

---

[19] *Brown v. State*, 86 Ga. 633, 635 (13 SE 20) (1891).