### 515. Askew *v.* The State.

Russell, J. 1. An indictment for perjury should specifically allege, and the proof should show, how and wherein the testimony upon which the perjury is assigned was material to the issue in the trial in which the alleged false testimony was delivered.

2. It is essential, to sustain a conviction of a criminal offense, that it be distinctly shown that the alleged offense was committed prior to the suing out of the accusation, or to the finding of the indictment or presentment by the grand jury. The burden is as much upon the State to prove affirmatively that the accusation, indictment, or presentment was *subsequent* in time to the commission of the alleged offense as it is to show that the offense did not so far antedate the accusation as to be barred by the statute of limitations. The failure to prove either is fatal to the State's case.

3. Where the rule requiring the sequestration of witnesses is invoked, and one of the witnesses is an officer of the court, to wit, the sheriff, it is within the discretion of the presiding judge to sequester him, or to allow him to remain in the court. The court can not transact its business without its officers; and the discretion of the trial judge will not be controlled, when he sees proper to except them from the general rule in regard to the sequestration of witnesses.

4. As there must be another trial in this case, a decision of the other questions presented by the record is unnecessary.

*Judgment reversed.*

Indictment for perjury, from Quitman superior court—Judge Worrill. May 7, 1907.

Submitted July 17,—Decided November 25, 1907.

*Raines & Gurr*, for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold, J. B. Ridley*, contra.