### 13337.　SOWELL *v.* THE STATE.

1. A sufficient description of the cow alleged to have been stolen was given in the indictment, which described it as " one red brindle cow, white belly and white face, with a butt head, heifer, same being the property of " a named person, " of the value of $20."
2. There was evidence to support the verdict.

DECIDED APRIL 11, 1922.

Indictment for larceny; from Screven superior court — Judge Strange.　January 14, 1922.

*Boykin & Hollingsworth,* for plaintiff in error.

*A. S. Anderson, solicitor-general,* contra.

BLOODWORTH, J.　The indictment in this case charged that the accused did " take and steal and carry away one red brindle cow, white belly and white face with a butt head, heifer, same being the property of Mrs. J. H. Harris, of the value of $20.00."　The defendant demurred on the ground that the indictment did not sufficiently describe " the kind of cow or heifer he is charged with stealing."　The demurrer was overruled and exceptions pendente lite were filed; the case proceeded to trial, a verdict of guilty was rendered, and a motion for a new trial was overruled.

1.　The court properly overruled the demurrer.　The description of the cow alleged to have been stolen was sufficient.　In *Gibson* v. *State,* 7 *Ga. App.* 692 (1, 2) (67 S. E. 838), this court held that " In an indictment for cattle stealing, the following description of the animal alleged to have been stolen is sufficient, namely, ' One cream-colored Jersey cow, of the personal goods of [the prosecutor], and of the value of forty dollars.'　It is a matter of common knowledge, of which the court will take judicial cognizance, that a cow is a female animal, is a horned animal, and has cloven hoofs, and that the larceny of a cow is, therefore, within the purview of § 159 of the Penal Code " (Penal Code of 1910, § 156).　It is also a matter of common knowledge that a heifer is a young cow.　See *Adams* v. *State,* 22 *Ga. App.* 786 (97 S. E. 201).

2. " In this case the motion for a new trial contained only the usual general grounds. There was some slight evidence authorizing the verdict; and, the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Toole* v. *Jones*, 19 *Ga. App.* 24 (90 S. E. 732).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*