26699. SNELLINGS *et al. v.* RICKEY.

DECIDED APRIL 26, 1938.

*Love & Fort,* for plaintiffs in error. *Foley & Chappell,* contra.

GUERRY, J. The plaintiff, Branch Rickey, while riding as a passenger in a car driven by one Dewitt, was injured as a result of a collision between such car in which he was riding and a truck being operated by a servant of the defendant. The plaintiff alleged that the defendant was driving said truck on the wrong side of the road, in violation of a statute of this State, and at a point where there was a blind curve, and that this negligence was the cause of the collision and resultant injury. The defendant denied

this and alleged that Dewitt, the driver of the car, was operating the same at an illegal rate of speed and otherwise committing negligent acts, and that the resultant collision was because of the negligence of Dewitt. The jury returned a verdict for the plaintiff.

■ Complaint is made that the court charged the jury as follows: "The court charges you that Rickey would be entitled to recover, he being an invited guest, if it is shown to you that the negligence of the party defendant or *Dewitt* [italics ours] was the proximate cause of the injury." This charge, standing alone, was palpable error, and such error as would be sufficient to cause a reversal of the case unless it appears from an examination of the entire charge that it was cured and its effect superseded. It is plain that the plaintiff may not recover from the defendant if the negligence of Dewitt was the proximate cause of the injury. The defendant pleaded that Dewitt's negligence caused the injury and that he was not negligent. "Where an erroneous principle of law is charged as to a material issue, the error is not rendered harmless by a subsequent statement of the correct principle, unless the judge expressly calls the attention of the jury to the incorrect statement, and retracts it." *Rowe* v. *Spencer,* 132 *Ga.* 426 (5) (64 S. E. 468) ; *Edenfield* v. *State,* 27 *Ga. App.* 291 (1a) (108 S. E. 124) ; *Pelham Manufacturing Co.* v. *Powell,* 6 *Ga. App.* 308 (4) (64 S. E. 1116) ; *Atlanta & Birmingham Ry. Co.* v. *McManus,* 1 *Ga. App.* 302 (5 a) (58 S. E. 258) ; *Morris* v. *Warlick,* 118 *Ga.* 421 (2) (45 S. E. 407). In *Central of Ga. Ry. Co.* v. *Ray,* 133 *Ga.* 126 (65 S. E. 281) this language is used: "When the court in its charge to the jury has committed error in some portion thereof, the withdrawal of the erroneous part and, after calling the jury's attention thereto and stating to them distinctly and unequivocally that such portion of the charge is withdrawn, giving them the correct rule upon the issue covered by the erroneous charge, cures the error." It is true that in the present case the court in other portions of his charge instructed the jury that the plaintiff would not be entitled to recover unless the defendant's negligence was the proximate cause of the injury. He also stated several times to the jury that if the defendant's negligence was the proximate cause of the injury, the plaintiff would be entitled to recover although Dewitt's negligence may have contributed thereto. Nowhere in his charge did he refer to or attempt to correct the error, nor did he,

except by the negative statements, charge the jury that plaintiff would not be entitled to recover if Dewitt's negligence was the proximate cause of the injury. It is true such failure would not of itself have been error where no request so to charge was made, but having charged that plaintiff might recover if Dewitt's negligence was the proximate cause, we are unable to say that the jury understood clearly the rules of law applicable. "Juries must take the whole charge as the law, and it is not for them to select as between conflicting parts without being instructed so to do by the judge." *Atlantic Coast Line R. Co. v. Andrews, 20 Ga. App.* 605 (93 S. E. 261). The facts of this case demand a finding that the plaintiff was a guest in Dewitt's car, and we are not prepared to say that the harmful effect of the erroneous charge was obviated by other portions thereof.

■ It was not error for the court to charge that Rickey was an invited guest in Dewitt's car. Although the pleadings made an issue of this, the evidence demanded a finding that such were the facts, and in a case like that it was not an expression of opinion as to what has been proved. "Where a fact is established by undisputed evidence, it is not error for the judge, in his charge to the jury, to assume or intimate that the fact has been proved." *Dexter Banking Company v. McCook, 7 Ga. App.* 436 (1) (67 S. E. 113). The cases cited by counsel for the plaintiff in error in respect to accomplices have no application under the facts of this particular case.

■ In view of the forceful and unmistakable rulings by the court at the time of the making of the motion for mistrial on account of remarks of counsel, there was no error in overruling the motion. In view of the fact that this case will be tried again, the remaining assignments of error will not be discussed.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*