37340, 37356.   HOLMES *et al. v.* BURKETT; and *vice versa.*

DECIDED SEPTEMBER 18, 1958.

*Dunaway, Embry & Shelfer, William D. Shelfer*, for plaintiffs in error.

*Arthur G. Withers, G. Seals Aiken, W. O. Slate*, contra.

NICHOLS, Judge. ■ The evidence, both oral and documentary, is quite extensive and voluminous in this case and for the purpose of passing on the usual general grounds of the motion for new trial we deem it neither necessary nor beneficial to set out or quote any portion of it. Suffice it to say that after a careful reading and a thorough consideration of the record the conclusion is mandatory that the evidence amply supports the verdict, and the trial court did not err in denying the motion for new trial as to the usual general grounds.

■ Special ground numbered 4 complains of the ruling admitting in evidence over the objection of the plaintiffs in error, certain photographs identified as plaintiff's exhibits 26, 27, 28, 31, 32, 33, 34, 35, 36, and 38.

In ruling on this ground we think it most salutary here to set out in detail from the record the colloquies between Mr. Shelfer, counsel for the plaintiffs in error, Mr. Aiken, counsel for the defendant in error, and the trial judge, at the time said exhibits were tendered and offered in evidence: "The Court: [speaking to Mr. Aiken] Well, if you are going to tender them, let them be marked as plaintiff's exhibit, let the reporter identify them." Mr. Shelfer: "Shall I make my objection to them?" The Court: "Let him identify them, first." [The reporter marked the above mentioned photographs for identification as plaintiff's exhibits]. Mr. Aiken: "If Your Honor pleases, I offer certain pictures identified as follows, by numbers as follows—I will put witnesses on the stand, Mr. Turner and Mrs. Burkett, to state when and where the pictures were taken; they are numbered 29, 30, 28, 27, 26, 18, 19, 20, 21, 22, 23, 24, 25—it looks like 36, 40, 43, 41, 42, 37, 39, 38, 35, 34, 33, 32, and 31, for the purpose of illustrating, if they do, the general appearance of the plaintiff in this case before and after she was hurt, and I will . . . of course offer evi-

dence to show when the pictures were taken with reference to this occurrence." The Court: "Do you have any objections to them, Mr. Shelfer?" Mr. Shelfer: "Your Honor, we are not going to make any objection to them." Mr. Aiken: "I thank counsel." The Court: "All right, they are admitted."

Later in the course of the trial and before the plaintiff had rested her case, the following colloquy between counsel and the trial court transpired: Mr. Aiken: "Your Honor, if Your Honor pleases, in order that there may not be any misunderstanding about the exhibits, with Your Honor's permission, I am going to—some may have been offered but I want to be sure I have got them all in; I first offer plaintiff's exhibit [whereupon fifteen (15) of plaintiff's exhibits were admitted without objection] . . ." Mr. Aiken: "Plaintiff's exhibits 26, 28, and 36." Mr. Shelfer: "With reference to plaintiff's exhibit 26, which appears to be a photograph of the plaintiff at a remote time, greatly remote from the incident involved, made under very favorable circumstances, and plaintiff's exhibits numbers 28 and 36 appear to have been made at times remote from the incident involved or under highly favorable circumstances, would not illustrate any issue in this case, would tend to be prejudicial and, therefore, should not be admitted into evidence and we object to them on that ground." . . [After extended colloquy between the Court and Mr. Aiken]. . . The Court: "All right, I will over-rule the objection and admit them; the jury may attach such probative value to them as they deem proper."

The plaintiffs in error contend that the exhibits were first admitted into evidence qualifiedly subject to later objections. With this we cannot agree as the above quoted excerpts from the record do not warrant such conclusion.

In the first place it is a well-settled rule in this State that it is too late to urge objections to the admission of evidence after it has been admitted without objection. *Legg* v. *Legg,* 165 *Ga.* 314 (140 S. E. 868) ; *City of Manchester* v. *Beavers,* 38 *Ga. App.* 337 (144 S. E. 11) ; *Clare* v. *Drexler,* 152 *Ga.* 419 (110 S. E. 176).

In the second place, assuming but not deciding that the exhibits were tentatively admitted in evidence when first tendered and subject to later objections, the objection urged at that time

[on the grounds of: "With reference to plaintiff's exhibit 26, which appears to be a photograph of the plaintiff at a remote time, greatly remote from the incident involved, made under very favorable circumstances, and plaintiff's exhibits numbers 28 and 36 appear to have been made at times remote from the incident involved or under highly favorable circumstances, would not illustrate any issue in this case, would tend to be prejudicial and, therefore, should not be admitted evidence and we object to them on that ground."], was legally insufficient to constitute a valid objection. *McBride* v. *Johns*, 73 *Ga. App.* 444 (36 S. E. 2d 822); *Greyhound Corp.* v. *Clough*, 211 *Ga.* 574 (87 S. E. 2d 387).

The plaintiffs in error further contend in their brief that under special ground 4 of their amended motion the trial court erred in admitting the photographs "particularly in view of the fact that nowhere in the record was any foundation laid for the admissibility of said photographs."

Assuming but not deciding that such objection might have been a good and valid objection if urged at the time tender was made of the photographs, no such objection was made at the time the photographs were tendered and it is too late to raise an objection for the first time on appeal to the admission of evidence on the trial. *Hardy* v. *Hardy*, 149 *Ga.* 371 (100 S. E. 101).

Special ground 4 is obviously without merit.

■ Special ground 5 assigns error on the ground that the verdict for the plaintiff for $16,000 was so excessive as to show bias and prejudice on the part of the jury.

Inasmuch as the general grounds of the motion for new trial have already been passed on, the question here presented is whether the amount of the verdict was authorized.

There was abundant evidence, although all of it was not uncontradicted, that the plaintiff had suffered permanent injuries to her back and spinal column, that her earning capacity has been reduced as a result of such injuries, that in addition to hospital, doctors, drugs and other incidental expenses which the plaintiff has already expended she will be forced to incur certain expenses in the future as a result of her injuries, and that her back and spine have continued and will continue in the future to give her pain.

Under the decisions of this court in *City of Commerce* v. *Bradford*, 94 *Ga. App.* 284, 291 (94 S. E. 2d 160), and *Limbert* v. *Bishop*, 96 *Ga. App.* 652, 658 (101 S. E. 2d 148), it cannot be said that the verdict for the plaintiff for $16,000 was, as a matter of law, so excessive as to show bias and prejudice.

The judgment denying the amended motion for new trial was not error for any reason assigned, and it becomes unnecessary to pass on the cross-bill of exceptions.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. Felton, C. J., and Quillian, J., concur.*