38905. BREWER v. COVINGTON.

DECIDED NOVEMBER 13, 1961—REHEARING DENIED
NOVEMBER 28, 1961.

858

*Cecil Franklin, E. J. Clower,* for plaintiff in error.
*James S. Kilpatrick, James Maddox,* contra.

JORDAN, Judge. 1. In special ground 11 the plaintiff excepts to the following charge: "Now, Gentlemen, I charge you that should you find under the evidence and the rules of law given you in charge that the defendant was negligent and that the plaintiff could not have avoided the consequences of the defendant's negligence after it was apparent, or should reasonably have been apprehended by him by the exercise of ordinary care and diligence, the plaintiff would not be entitled to a verdict against the defendant."

The charge as given was clearly erroneous since under the conditions set forth therein the plaintiff would have been entitled to a verdict against the defendant. Although, no doubt, the trial judge inadvertently made this error in the charge, the jury had no way of knowing this, and the jury would be required to accept the law as charged. *Wilson v. State,* 215 Ga. 672, 675 (113 SE2d 95). The charge as given in effect constituted the direction of a verdict for the defendant; and this erroneous charge requires the grant of a new trial. Even though the trial judge subsequently charged the jury correctly on the above principles of law, he did not expressly call attention to the incorrect statement and retract it, as is necessary to render the charging of the incorrect statement harmless. *Snellings v. Rickey,* 57 Ga. App. 836 (1), 837 (197 SE 44); *Executive Committee of the Baptist Convention v. Ferguson,* 213 Ga. 441 (1), 443 (99 SE2d 150). See also *Citizens & Southern Nat. Bank v. Kontz,* 185 Ga. 131 (2), 146 (194 SE 536).

2. Special ground 6 complains of the failure of the trial judge to give a requested charge in the exact language requested. Since it appears from the record that the charge given was in the exact language requested, except for the last sentence thereof in which the trial judge substituted the word "tenant" for the word "agent," it is unnecessary to rule on this ground other than to point out the alleged defect, as it is not likely to recur upon the subsequent trial of this case. See *Vaughan v. Vaughan*, 212 Ga. 485 (1) (93 SE2d 743).

3. Special ground 10 complained of the following charge: "I further charge you that applying this law to the facts, that if you find that the defendant Covington under the evidence had no supervision and control of the contractor Byars, other than looking toward the completion of this job, that you would find that any negligence would lie with Byars as an independent contractor, and not with the defendant Covington, as employer owner," it being contended that by such charge the court invaded the province of the jury and expressed an opinion that the status of Byars was that of contractor, or independent contractor, and not that of agent as contended by the plaintiff. Since this case is to be tried again it should be pointed out for the benefit of the trial court that this charge could be framed in more appropriate language if the reference to Byars as "contractor" Byars were eliminated.

4. We have carefully examined the remaining special grounds, all but two of which relate to the charge as given or the failure to charge principles of law requested, and find them to be without merit. The trial court thoroughly and properly charged the jury on the many substantive issues in this case and we are constrained to reverse the judgment in this case only for the inadvertent charge considered in Division 1 of the opinion. Since the case is to be tried again, the general grounds are not ruled upon.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*