41130.   HEAD v. THE STATE.

DECIDED JANUARY 15, 1965.

*James I. Parker, Forrest C. Oates,* for plaintiff in error.
*Wayne W. Gammon, Solicitor,* contra.

EBERHARDT, Judge.   The special grounds of the motion complain of the refusal of the court to exclude two prosecuting police officers, both of the Polk County Police Department, when the defendant invoked the sequestration rule of *Code* § 38-1703.

The colloquy that appears in the motion for new trial is as follows:

"Court: 'Do you want the rule?'

"Defense Counsel: 'Yes, Your Honor, we wish the rule.'

"Court: 'Do you have any objection to the officers staying in?'

"Defense Counsel: 'Yes, we object to the officers staying in.'

"Court: 'They are officers of the court.   I will permit them to remain in the courtroom.' "

The two officers remained in the courtroom and both testified after hearing the testimony of the witness who was the purchaser of the beer.   In addition, one of the officers was recalled by the defendant for further cross examination, after which he was also directly examined.

As far as appears from the motion for new trial, the solicitor

never indicated to the court that these witnesses were needed either to assist him in presenting the case or to prevent the defendant's escape. We view *Montos v. State,* 212 Ga. 764, 765 (3) (95 SE2d 792) as controlling in this factual situation. In *Montos* the defendant moved to sequester the State's witnesses, two of whom were Georgia Bureau of Investigation agents. The solicitor contended the agents should be allowed to stay because they were "officers" and were needed to guard against the defendant's possible escape. The court held, citing *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785), that the Code confers upon the party making the sequestration request an absolute right to have all the opposition's witnesses excluded, "subject only to the sound discretion of the trial judge in permitting one or more witnesses to remain in the courtroom to advise the opposite party in the presentation of his case. . ." It was held that since the solicitor had made no contention that he needed the agent's assistance in the conduct of the case the State could not rely on this exception to the sequestration rule. Accord: *McGruder v. State,* 213 Ga. 259, 267 (9) (98 SE2d 564); *Hunter v. State,* 105 Ga. App. 564 (125 SE2d 85). See also *Smith v. State,* 215 Ga. 51, 53 (5) (108 SE2d 688) where it was said that, "In the exercise of discretion, the court may permit witnesses to remain in the courtroom to advise the opposite party, but the record must show that it was done for that purpose."

The court's statement that the policemen were "officers of the court" did not bring them within any exception to the rule of *Code* § 38-1703. While the sheriff and his deputies are officers of the court and may, if needed, be allowed to remain on this basis, *Hoxie v. State,* 114 Ga. 19 (8) (39 SE 944), county policemen do not hold similar positions.

In this situation harm is presumed where witnesses are improperly allowed to remain in the courtroom. *Montos v. State,* 212 Ga. 764, 766, supra, and citations. The general grounds are not ruled on because there will be a new trial.

*Judgment reversed. Nichols, P. J., and Pannell, J., concur.*