## 41356. EASTERN DEHYDRATING COMPANY v. BROWN.

JORDAN, Judge. This was a suit to recover for property damages sustained by the plaintiff when the defendant's tractor-trailer went out of control, left the highway, and crashed into his home. The petition alleged that the defendant was negligent in operating its vehicle in excess of the applicable speed limit and in failing to keep its vehicle under proper control.

The defendant in its answer denied that its truck driver was negligent in any manner and alleged that the occurrence was unavoidable in that a large hog suddenly ran in front of the truck in the nighttime, that its driver through no fault of his own struck the hog and lost control of his vehicle which ran off the highway, into a ditch, and broke in half, the front section then proceeding to crash into the plaintiff's residence.

The case proceeded to trial and the jury returned a verdict for the plaintiff. The defendant's amended motion for new trial was denied and the exception is to that judgment, and to the antecedent order of the court overruling the defendant's special demurrers to the petition. *Held:*

1. In special ground 3 the defendant excepted to the following charge: "Negligence to be the proximate cause of an injury must be such that a person of ordinary care, or caution or

prudence would not have foreseen that some injury would likely result therefrom, although not that the specific injury would result."

This charge was clearly erroneous since the trial court should have charged "would have foreseen" rather than "would not have foreseen"; the wrongful inclusion of the word "not" in such phrase completely and erroneously reversing the meaning of this charge. It is strongly contended by the plaintiff, however, that such error was merely the result of a slip of the tongue and could not have been misleading to the jury. This contention is without merit.

"For a slip of the tongue to be harmless error, the true meaning must be so palpable as to be clearly understood by the jury; but where a technical rule of law is so changed by a verbal inaccuracy that the converse of its true meaning is stated, such error cannot be held to be harmless on the theory that a jury would be expected to understand what was intended thereby." *Plaspohl v. Atlantic C. L. R. Co.*, 97 Ga. App. 506 (1) (74 SE2d 491). While this error was doubtless the result of a slip of the tongue of the trial judge, the jury had no way of knowing this and would be required to accept the law as charged (*Wilson v. State*, 215 Ga. 672, 675 (113 SE2d 95); *Brewer v. Covington*, 104 Ga. App. 857, 858 (123 SE2d 343)), as the trial court did not expressly call attention to the incorrect statement and retract it. *Executive Committee of the Bapt. Convention v. Ferguson*, 213 Ga. 411 (1), 443 (99 SE2d 150); *Snellings v. Rickey*, 57 Ga. App. 836 (1) (197 SE 44).

Accordingly, in view of the fact that the issue of proximate cause and intervening cause was of vital importance in this case, it is our opinion that such error requires the grant of a new trial. One of the provisions of the new rules of appellate procedure will allow trial judges to correct this type of error upon proper objection of counsel prior to verdict.

2. The defendant in special ground 4 assigned error on the following excerpt from the charge: "By proximate cause is not meant the last act or cause or the nearest to the injury or damages, but such act wanting in ordinary care as actively aided in producing the injury or the damage as a direct and aiding cause." It is contended in this ground that the charge complained of was erroneous and unsound as an abstract principle of law because it tended to tell the jury that the

"last act or cause or the nearest to the injury or damages" could not be the proximate cause, when said charge should have stated as follows: "By proximate cause is not necessarily meant the last act or cause or the nearest to the injury or damages, although it may be such last act or cause, but proximate cause is such an act wanting in ordinary care as actively aided in producing the injury or damage as direct and aiding cause." It is insisted by the defendant that because of the vital nature of the question of proximate cause and intervening cause in this case, the charge complained of was misleading and confusing to the jury.

It is our opinion that the charge complained of was subject to the defendant's criticisms and that the trial court should have charged in the language suggested by the defendant in this ground. The "last act or cause or the nearest to the injury" may well be the proximate or efficient intervening cause of the injury; and to charge without qualification that it is not, could likely confuse and mislead the jury on this issue. The fact that language substantially the same as that of the charge complained of may be found in the decisions of this court (see *Southern R. Co. v. Tankersley*, 3 Ga. App. 548 (60 SE 297); *Wright v. Southern R. Co.*, 62 Ga. App. 316 (2) (7 SE2d 793)) does not ipso facto, render it apt and proper to submit in charge to the jury.

3. It is contended in special ground 2 that the trial court erred in submitting in charge to the jury the provisions of *Code Ann.* § 68-1715 (b) which set forth the distances in which motor vehicles should be capable of being stopped from a speed of 20 miles per hour on a "dry, smooth, level road" upon application of the service brake. Since the record in this case shows that the event complained of occurred on a wet highway at a downgrade and at a speed considerably in excess of 20 miles per hour and since there was no issue under the evidence as to whether the defendant's vehicle was equipped with brakes capable of stopping it under the conditions specified in the statute, this Code section was not illustrative of any issue in this case and should not have been submitted in charge to the jury. In view of the fact that this case is being reversed on other grounds, it is unnecessary to decide whether this charge constituted harmful error.

4. "It is not error to allow witnesses to testify to their opinions of the speed of an automobile, whether they be expert or lay

witnesses, where they have properly stated the facts upon which their opinions are based." *Cobb v. Coleman,* 94 Ga. App. 86 (2) (93 SE2d 801). The trial court did not err, as contended in special ground 1, in allowing the plaintiff to give his opinion with respect to the speed of the defendant's truck at the time of impact with the object on the highway where he gave the facts upon which his opinion was based, that is, the distance traveled by the truck after the collision and the force with which it subsequently struck the plaintiff's home.

5. The allegations of paragraph 12 (b) of the petition were sufficient to put the defendant on notice that it was charged with negligence in operating its vehicle in excess of the applicable speed limit under *Code Ann.* § 68-1626 (4) which provides that when the gross weight of a tractor-trailer and load exceeds 16,000 pounds the maximum speed limit is 45 miles per hour; and this paragraph was not subject to special demurrer on the ground that it was too vague and indefinite since no actual speed was alleged.

*Judgment affirmed in part; reversed in part.   Felton, C. J., and Deen, J., concur.*

ARGUED JUNE 7, 1965—DECIDED SEPTEMBER 8, 1965— REHEARING DENIED SEPTEMBER 23, 1965.

*Spivey & Carlton, Milton A. Carlton,* for plaintiff in error. *J. Carlton Warnock,* contra.