### 42940. COOK v. THE STATE.

PANNELL, Judge. The defendant was indicted, tried and convisted on two counts of burglary and sentences thereon were entered on November 24, 1965. He filed a notice of appeal *December 15, 1965,* in which he instructed the clerk to omit all of the record except the indictment, the verdict of the jury, the judgment and sentence of the court and "that portion of the record beginning with defendant's motion that the court inquire into the legality of the arrest and subsequent search of the vehicle being operated by this defendant and ending with the court's ruling on this motion."

The transcript of that portion of the proceedings was filed *December 6, 1965.* The appellee on *December 30, 1965,* in accordance with the statute, designated "all of the testimony of all witnesses including the defendant's statement given on the trial of the case," to be included in the record on appeal, which was served on attorney for appellant on the same day. The entire transcript of the proceedings was filed with the clerk of the lower court on *May 18, 1967.* The record and both transcripts were filed in this court on May 23, 1967. The enumerations of error were as follows: "1. The evidence was insufficient to authorize the plaintiff's conviction. 2. In that the court erred in overruling the plaintiff's motion to exclude from the evidence the material obtained from plaintiff's vehicle following an illegal arrest and illegal search and seizure. 3. In that the court erred in failing to exclude from the evidence testimony concerning a violation of pro-

bation on the part of this defendant. 4. In that the court erred in admitting into evidence a tire tool over plaintiff's objection." *Held:*

Pretermitting the question of whether the entire appeal should be dismissed because of the late filing of a major portion of the transcript of the proceedings (*Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Threatt v. McElreath,* 223 Ga. 153 (154 SE2d 20); *Fleming v. Sanders,* 223 Ga. 172 (154 SE2d 14); *Joiner v. State,* 223 Ga. 367 (155 SE2d 8)), it is apparent from these decisions that the portion of the transcript filed at the instance of the appellee almost a year and a half after notice of appeal was filed cannot be considered by this court in passing on these enumerations of error, in the absence of an application for extension of time and an order granting the same. This effectively eliminates Enumerations 1, 3, and 4, all of which were errors occurring upon the trial of the case after the preliminary motion to exclude evidence and material following the alleged illegal arrest and illegal search complained of in Enumeration of error No. 2. The transcript, or that portion of the transcript filed within time, pertains solely to the evidence adduced out of the presence of the jury, in which the trial court overruled the defendant's motion to suppress certain evidence. Assuming, without deciding, that the overruling of this motion was error under the portion of the transcript filed in time, it would be necessary to examine and consider the remainder of the transcript of evidence and proceedings in order to determine that this evidence was actually introduced before the jury, and unless it was introduced before the jury, the overruling of the motion to suppress the evidence was harmless, even if error. Under these circumstances, we must of necessity affirm.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

Submitted July 10, 1967—Decided September 13, 1967.

*O. L. Crumbley,* for appellant.
*Jack J. Gautier, Solicitor General, Fred M. Hasty,* for appellee.