### 45635. CAMERON v. THE STATE.

Quillian, Judge. This is an appeal from the defendant's conviction of two offenses, simple battery and attempted escape. During the trial there was a co-defendant who is not before this court on appeal. *Held:*

1. Enumeration of error 7 complains of the following portion of the charge: "Now ladies and gentlemen, after a careful consideration of all the evidence, facts and circumstances of these cases, giving both the defendants' statements such weight and credit as you think it is entitled to receive, they are entitled to

receive, under the rules of law I have given you in charge, if you do *not* believe beyond a reasonable doubt that these defendants committed any of the crimes for which they are charged taking each case individually for separate consideration, it would be your duty to find the defendant guilty and the form of your verdict would be, 'We the jury find the defendant guilty.' Whatever case you so determine. If on the other hand, after a careful consideration of all the evidence, facts and circumstances in these cases again giving both the defendants' statements such weight and credit as you think they are entitled to receive, under the rules of law I have given you in charge, you do not believe beyond a reasonable doubt that these defendants committed the crimes for which they are charged, it would then be your duty to acquit the defendants and the form of your verdict in each case would be, 'We the jury find the defendant not guilty.'" (Emphasis supplied.)

It is contended that the charge "as given would direct the jury to find the defendant guilty if the State did not prove its case and was at least confusing." The charge by including the italicized word "not" was clearly subject to the objection made. *Brewer v. Covington,* 104 Ga. App. 857, 858 (123 SE2d 343); *Eastern Dehydrating Co. v. Brown,* 112 Ga. App. 349 (1) (145 SE2d 274).

In *Wilson v. State,* 215 Ga. 672, 675 (113 SE2d 95), where the same word "not" was omitted from a charge the Supreme Court found that in such form the charge was incorrect and held: "Although, no doubt, the able trial judge, who had many times charged juries on this question, inadvertently omitted the word 'not' from his charge, the jury had no way of knowing this; and the jury would be required to accept the law as charged." Even though the subsequent portion of the charge was a correct statement of the law, "the court should not give conflicting rules of law in charge and leave the jury to choose between them; where an erroneous statement is made it is not cured by a correct statement in another portion of the charge unless the jury's attention is called to the correction by a retraction of the erroneous statement or in some other like manner." *Leggett v. Todd,* 110 Ga. App. 41, 43 (137 SE2d 742). See *Brewer v. Covington,* 104 Ga. App. 857, supra; *Eastern Dehydrating Co. v.*

*Brown,* 112 Ga. App. 349, supra; *Executive Committee of The Baptist Convention v. Ferguson,* 213 Ga. 441, 443 (99 SE2d 150).

2. Enumeration of error 4 complains that the court erred in failing to charge on self-defense. There was no evidence to sustain such contention. "The court did not err in failing to charge the defendant's contention that he shot in self-defense, since this contention was supported solely by the defendant's unsworn statement and not by any evidence." *Wilson v. State,* 215 Ga. 672 (5), supra. See *Ryder v. State,* 121 Ga. App. 796 (4) (175 SE2d 882).

3. The remaining enumerations of error are either deemed abandoned under Rule 17 (c 2) of this court, or are not likely to recur upon the retrial.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*
SUBMITTED SEPTEMBER 9, 1970—DECIDED FEBRUARY 9, 1971.

*John M. Wyatt,* for appellant.
*Wilson P. Darden, Solicitor,* for appellee.