## 47608. TAYLOR v. THE STATE.

Evans, Judge. The defendant and three others were indicted, tried and convicted of the offense of aggravated assault, and sentenced to serve 10 years imprisonment. The defendant filed a motion for new trial which was over-

ruled. The appeal is from the judgment of conviction and sentence. *Held:*

1. Twice during the charge, the court, in instructing the jury as to the substance of *Code Ann.* §§ 26-605 and 26-1306 (New Criminal Code; Ga. L. 1968, pp. 1249, 1269, 1281), instead of using the words "trior of facts," used the words "trial facts." While the instructions as given with the words "trial facts" substituted for "trior of facts" do not follow the statute, nevertheless, the instructions as given could not have been confusing to the jury or harmful to the defendants in this case. It is quite likely that the trial judge said "trior of fácts" and the court reporter misunderstood him and wrote "trial facts" instead. But even if there was a lapsus linguae (slip of the tongue) whereby the trial judge did incorrectly say "trial facts," this would not constitute reversible error. *Parker v. Bryan,* 96 Ga. App. 283, 289 (99 SE2d 810); *Fievet v. Curl,* 96 Ga. App. 535, 538 (101 SE2d 181). As to the contention that it was confusing to the jury, we do not think this could have confused the jury, and the burden is on the defendant to show harmful error, that is, that he was injured or damaged by the charge as given. *Martin v. Gibbons,* 14 Ga. App. 136, 137 (80 SE 522).

2. The court correctly charged the law based upon the evidence to the effect that the defendant would not be guilty of the offense of aggravated assault if the ·jury did not believe him guilty beyond a reasonable doubt and further that if they did not believe beyond a reasonable doubt that the defendant was guilty of simple battery, "or if you have a reasonable doubt on your mind as to his guilt the form of the verdict would be, 'We the jury . . . find the defendant not guilty.'" There is no merit in the contention that this charge was confusing and set up a double standard requiring the jury to find the defendant guilty of both aggravated assault and simple battery.

3. There is no merit in the complaint that the court expressed an opinion as to the evidence in a colloquy with the jury foreman after the jury had returned its ver-

dict, as follows: "The Court: Mr. Foreman and Gentlemen of the Jury, have you reached three separate unanimous verdicts in these cases? The Foreman: Yes, sir. The Court: Have you written them out, or do you desire for the court to assist you? The Foreman: We desire for the court to assist us. The Court: All right. Tell me, Mr. Foreman, what the verdict is with reference to each of the defendants. The Foreman: George Lattimore has been listed here as aggravated assault; Frazier Lee Taylor, aggravated assault; Tommy Johnson, aggravated assault. The Court: What is your unanimous verdict? The Foreman: Guilty. The Court: Guilty of aggravated assault? The Foreman: Yes, sir." By such action the court did not express an opinion as to the evidence. The same was made after the trial was over in seeking to determine what the findings of the jury were, and the colloquy shows affirmatively that the jury had already agreed on a verdict of guilty of aggravated assault.

4. Defendant contends the court erred in charging the jury during the punishment phase of his charge as follows: "You have the right to find, 'and we recommend that he be punished for a misdemeanor,' which is a lesser crime, and then it is discretionary with your judge as to whether or not that recommendation be taken." This was favorable to defendant as he was convicted of a greater offense. No harmful error is shown here.

5. We have considered each and every error enumerated and find no error and the judgment must be affirmed.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED NOVEMBER 6, 1972—DECIDED DECEMBER 4, 1972.

*Guy B. Scott, Jr.,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.