## 48157. BUSH v. THE STATE.

DEEN, Judge. 1. Code § 38-1703 grants to the party requesting that witnesses be sequestered an absolute right, subject only to the sound discretion of the trial judge in permitting a witness to remain to advise the opposite party in the presentation of the case, or to secure the fair rights of the opposite party, or to avoid impairing the efficiency of the court, as where a deputy or other official is needed in the courtroom. *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785); *Massey v. State,* 220 Ga. 883, 893 (142 SE2d 832). The rule is absolute, and while the sheriff or his deputies may be such officers of court as, in the judge's discretion in handling the hearing, to be allowed to remain, a city police officer does not fall within such category. *Head v. State,* 111 Ga. App. 14 (140 SE2d 291). In this case, the court's discretion was not

in fact invoked, the officer simply remaining, apparently on the ground that such right existed in him because he was the nominal prosecutor, his name appearing on the indictment. The only other witness for the state, his companion officer, testified first. There was no request for his presence as needed in order to advise in the presentation of the case, and there is no explanation of why, if his presence were needed, he could not have preceded his fellow officer.

It was error over objection to allow such witness to testify.

2. The fifth enumeration of error concerns a portion of the charge which was held to be reversible error in *Chambers v. State*, 127 Ga. App. 196 (5) (192 SE2d 916). Since the defendant is presumed innocent until his guilt is proved beyond a reasonable doubt, and the burden to do so remains on the state throughout the trial, it is error to instruct that where the state prima facie establishes the allegations of the indictment the jury is authorized to convict unless the defense, explanation or justification be established by the defendant by a preponderance of the evidence.

3. The fourth enumeration of error shows no cause for reversal and the second is not passed upon as it is not likely to recur.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

Submitted April 30, 1973 — Decided May 30, 1973.

*Tom Strickland,* for appellant.
*Ken Stula, Solicitor,* for appellee.