## 27959. BAKER v. THE STATE.

JORDAN, Justice. Baker appeals his convictions and sentence by a judge, jury trial waived, on two counts of armed robbery, two counts of aggravated assault, and two misdemeanor pistol offenses, all based on the same incident on October 11, 1972.

As related by Dodd, an Atlanta policeman and the only witness for the State, he and Basewell, another policeman, met on an Atlanta street at the scene of reported pistol firing involving three persons. Baker and two companions, C and O, were there. Dodd, cautioning the three not to attempt to use a pistol, proceeded to search or "frisk" O for the presence of a pistol. Baker drew a pistol from his coat, placed it against Basewell's head, and threatened to kill him unless Dodd threw his own pistol to the ground. "They" then took the policemen's pistols and ran. About twenty yards away Baker turned and fired two or three times at the policemen. Basewell returned the fire with a pistol, the source of which is not clear. Dodd returned fire with a spare pistol which was in his police vehicle.

Baker was the sole witness in his own behalf. His version differs from Dodd's in some respects. He admitted putting the pistol to Basewell's head, explaining that "he [apparently meaning Dodd] had no business arresting us," and that he, Baker, acted to "keep them from shooting at us." C removed the pistols from the policemen's holsters. Baker then put down his pistol

and ran, and Basewell shot at him. Baker denied firing at either officer, and denied any intent to commit robbery or assault. He did not know who fired at the policemen.

Three errors are asserted, the overruling of a motion to suppress, unauthorized findings of guilty based on the contention that the defendant had a right as a matter of law to resist an unlawful arrest and disarm the policemen, and the overruling of an amended motion for a new trial. *Held:*

1. It is clear from the transcript of the hearing of the motion to suppress that trial defense counsel sought to suppress in its entirety the testimony of the two policemen and nothing else. The testimony of eyewitnesses and victims of alleged crimes is outside the scope of a motion to suppress as contemplated under the provisions of Code Ann. § 27-313.

2. The evidence, under the version most favorable to the State, and which the trial judge, as a trior of fact, was authorized to believe, affords no justification for the conduct of the defendant. Instead, it clearly warrants the conclusion that the policemen were conducting permissible "stop-and-frisk" protective action well within the standards delineated by the Supreme Court of the United States. See Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), and Adams v. Williams, 407 U. S. 143 (92 SC 1921, 32 LE2d 612).

3. The evidence supports the convictions.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 25, 1973 —

DECIDED JULY 2, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant*

*Attorneys General,* for appellee.