## 48443. CHILDERS v. THE STATE.

CLARK, Judge. Along with five others appellant was indicted for cattle stealing under Code Ann. § 26-1802 (a) (theft by taking). He and one other co-defendant obtained a severance where the two of them were tried together. Both were convicted at the conclusion of a four-day trial. Appellant who received a more severe sentence than his co-defendant has taken this appeal alone. There are seven enumerations of error, one of which was in connection with the hearing on the motion to suppress. The other six are also special in nature and deal with events occurring during the trial.

1. The first assignment of error reads: "The court erred in refusing to allow the Defendant Childers to present evidence in the hearing of a Motion to Suppress." The trial court here undertook to hold a single hearing to cover three motions to suppress, one having been filed by each defendant. At this hearing the sole state witness was the county sheriff. Following lengthy and detailed direct examination by the district attorney, cross examination by defense attorney, and redirect examination, the court overruled all three motions. When both the district attorney and the attorney representing appellant sought to present further evidence the court ruled that all parties had rested but thereafter withheld ruling on the state's motion to reopen the hearing on the motion to suppress for investigation of one item of evidence, bolt cutters. Subsequently he ruled the pretrial hearing would be reopened for this limited purpose.

Although arguments have been made by both parties on this first enumeration of error we find that because of subsequent events during the trial it is unnecessary for us to consider whether or not the trial judge erred in refusing to permit appellant to introduce further evidence on his motion to suppress.

The motion to suppress sought "to suppress from introduction into evidence upon any hearing and upon any trial of movant for any criminal offense anything and everything of a tangible nature and any and all information or testimony obtained by reason of, derived from or resulting from the illegal search and seizure conducted at the residence and premises of defendant Ike Childers on November 20, 1972 and each date since by Elbert County Sheriff. . ."

Many appeals on motions to suppress are limited solely to the judgment denying the motion to suppress accompanied by the

requisite immediate review certificate. But on those appeals where there has been a trial and conviction, we deem it proper to note for the benefit of bench and bar the procedure necessary to preserve the accused's rights where there has been an *in limine* hearing on the suppressal motion. Such procedure is set forth in our recent decision of *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456). There this court points out that "When *testimony* is tendered relative to the property seized its admissibility is not tested by a motion under the provisions of § 27-313, but by a proper objection made when it is tendered at the trial. If an order has been granted it affords a basis or ground for making the objection to the testimony. If the motion was denied an objection may nevertheless be lodged on the ground that the testimony relates to property which was illegally seized during an unlawful search, and if the objection is overruled the ruling may become a proper subject of an enumeration of error on appeal." Our court further goes on to state: "When testimony is tendered an objection must be made, affording the court the opportunity to rule upon the admissibility of the testimony upon the grounds then urged and in the context of the matter as it then appears, and failure to make a timely objection to testimony when it is offered results in a waiver of any objection that might have been urged."

Applying these rulings to the case at bar we find that when the motion was made for the jury to be permitted to view the truck that defense counsel stated: "If they could see it, it would be alright." (T. 248). By this action in consenting for the jury to view the truck, the sole item which was sought to be suppressed, defense counsel waived any objection that might have been urged including those contained in the motion to suppress. "It is a well-settled rule in this State that it is too late to urge objections to the admission of evidence after it has been admitted without objection. [Cits.]" *Holmes v. Burkett,* 98 Ga. App. 189, 191 (105 SE2d 236). See also *Bass v. State,* 117 Ga. App. 89 (159 SE2d 299); *Cook v. State,* 116 Ga. App. 304, 305 (157 SE2d 160); and *Baker v. State,* 230 Ga. 741, 742 (199 SE2d 252).

2. Defendant contends that the court erred in permitting the sheriff "to testify over objection of defendant's counsel after the Rule of Sequestration had been invoked, in that said sheriff had remained in the courtroom during the trial of said case and no showing was made on behalf of the district attorney and the court's discretion was not in fact invoked as is required by law."

(Enumeration No. 2).

"A defendant invoking the sequestration rule of Code § 38-1703 has an absolute right to have the State's witnesses excluded from the courtroom and failure to exclude them is error unless an exception to the rule is invoked and supported by the record." *Head v. State,* 111 Ga. App. 14 (140 SE2d 291). The exceptions are stated in *Bush v. State,* 129 Ga. App. 160 (1) (199 SE2d 121) to be "[P]ermitting a witness to remain to advise the opposite party in the presentation of the case, or to secure the fair rights of the opposite party, or to avoid impairing the efficiency of the court, as where a deputy or other official is needed in the courtroom." Our court there held that a policeman did not come within that category but the opinion expressly noted "a deputy or other official is needed in the courtroom."

This followed the general rule stated in the early case of *Askew v. State,* 3 Ga. App. 79 (59 SE 311) that "Where the rule requiring the sequestration of witnesses is invoked, and one of the witnesses is an officer of the court, to wit, the sheriff, it is within the discretion of the presiding judge to sequester him, or to allow him to remain in the court. The court can not transact its business without its officers; and the discretion of the trial judge will not be controlled, when he sees proper to except them from the general rule in regard to the sequestration of witnesses." See also *Hoxie v. State,* 114 Ga. 19, 24 (39 SE 944) where the Supreme Court affirmed as an exception to the strict sequestration rule the trial court's decision as to two deputy sheriffs who had been "put under the rule" but permitted to remain in the courtroom and hear testimony before they testified.

Sub judice upon defendant's request that the sheriff be sequestered, the trial court responded explaining "I have to have the Sheriff in every county to maintain security. I have issued regulations that in no event shall the Judge ever be allowed to be taken hostage, and I require the Sheriff to be in here. And I want him to come up here and sit up here, either the Sheriff or the Deputy. And that is my rule and will continue to be my rule as long as I am Judge. I do not want to ever be taken from the courthouse alive." (T. 143). The court explained the reason for his rule in these words: "Let the record show that the Court two or three or four years ago issued an order after a judge was taken hostage in California and killed, and the order is of record in each of the counties that the Sheriff of every county in the five county Northern Judicial Circuit is to stay in the Court and his deputies

to maintain security. And they are specifically instructed never to allow the Judge to be taken hostage even if they have to injure or kill the judge. And that is the reason he is in here, and that order has been on record for some number of years. And that order will be carried out in every county in the Northern Judicial Circuit as long as I am Judge." (T. 202-203).

We find no merit in the contention that there was no showing made by the district attorney to invoke the court's discretion as the trial judge acted ex mero motu within the discretion vested in him. His action in permitting the sheriff to remain present came within the permissible exception "since they were needed so as not to diminish the efficiency of the court." *Massey v. State,* 220 Ga. 883 (5) (142 SE2d 832).

3. The defense enumerates as error the refusal of the court to sustain a motion for a directed verdict of acquittal contending a fatal variance existed between the allegata and the probata. Defense further contends that there was no direct evidence that the animals described in the indictment were taken within the statute of limitation from the alleged owner and that the value alleged in the indictment was not proven.

The pertinent indictment described the property taken as "eleven (11) Black Angus cows, and three (3) one-half Black Angus and one-half Short Horn calves, property of J. D. Adams, of the value of $3,980. . ." (R. 6).

There was testimony by the owner as to his purchase of 16 cows at approximately $325 a head two months before the incident and that there had been 10 calves. He replied affirmatively when asked "And you stand to lose the price of the cows you paid for, approximately $4,000?" (T. 156) and further stated he placed this approximate value of $4,000 on the cows and calves at the time of the theft. He testified he had last seen the cows and calves on November 17, 1972, and that on November 19, 1972, he discovered that eleven cows and three calves were missing.

The evidence presented described the eleven black Angus cows as pure Angus, they were solid black with no markings. As to their age, they were young cows coming in with their second calf. The three calves were half Angus and half Short Horn and their color was described as "frosted, . . . like frost had bit their hair. The tips of their hair was white on part of the body. . ." (T. 155, 156).

The court in *Gibson v. State,* 7 Ga. App. 692 (1) (67 SE 838) held that "In an indictment for cattle-stealing, the following description of the animal alleged to have been stolen is sufficient,

namely, 'One cream-colored Jersey cow, of the personal goods of (the prosecutor), and of the value of forty dollars.'" See also *Sowell v. State,* 28 Ga. App. 478 (111 SE 689). In the instant case the evidence in the presentation of the case describes the cows with the same particularity as the indictment, which distinguishes this case from *Gaskins v. State,* 86 Ga. App. 766 (72 SE2d 547) as cited by defendant.

"If an indictment describes property stolen in a particular way, it is incumbent on the state to prove the description given, but where the indictment described the property stolen as 'a certain red heifer,' it was proper to allow proofs of other marks of identification than those set forth in the indictment. [Cit.]" *Johnson v. State,* 73 Ga. 128.

The evidence of value ranged from the price paid which was eleven cows at approximately $325 a head ($3,515) to the owner's estimate of his loss, $4,000. Therefore, the value given in the indictment is within this range and thus was proven by the state.

There is no requirement that the statute of limitation be alleged in the indictment. The closest approximation as to the date that the incident occurred was testified to by the owner in stating that he saw the animals on November 17, 1972, and that on November 19, 1972, eleven cows and three calves were missing. This includes the date on the indictment and indicates that the indictment arose out of the incident about which the owner is testifying.

The state has offered sufficient evidence to prove the allegations in the indictment and the court properly denied defendant's motion for directed verdict.

4. The next assignment contends the court "erred in charging the jury with regards to the question of punishment in the charge in which the jury was to consider guilt or innocence only. . ." (Enumeration No. 4).

Our bifurcated procedure which divided felony trials into two parts, one for determination of guilt or innocence and the other for setting punishment after a verdict of guilty was enacted in 1970 and codified as Code Ann. § 27-2534. The judge here charged as follows: "You will not concern yourselves at all with punishment in the event you find either or both the defendants guilty. And I am not hinting or suggesting to you what your verdict should be; but I am required to tell you that in the event you find either or both defendants guilty, you will be brought back out into Court. The State, Mr. Johnson, the defendants'

attorneys, Mr. Carter and Mr. Darryl Vandeford, will have a right to introduce additional evidence touching on the question of punishment only. They have a right to make an additional argument or statement to you touching on the question of punishment only. And then your Judge will charge you on the question of punishment only, and then you would go back out and set the punishment." (T. 409).

We find no error in the inclusion of this explanation as a part of the charge. It conforms to *Moore v. State,* 228 Ga. 662, 665 (187 SE2d 277), where the trial court was affirmed in declining to instruct the jury as to the punishments which defendant could receive, the court stating, "It is only after the initial determination of the defendant's guilt of a felony that the jury is concerned with the sentence of the defendant."

Although the enumeration of error refers only to the charge, appellant's brief also argues concerning the impropriety of a colloquy between the foreman of the jury and the trial judge. This dialogue occurred after the jury had begun its deliberations with the jury returning to the courtroom with a request as to "a possible point of law." "The Foreman: I would not say it was a point of law, Your Honor, we are a little undecided as to what course we are taking in there. Let us say in the event we found the defendants guilty, who would pass the sentence? Would the Judge pass the sentence or would the Jury? The Court: The Jury. The Jury would pass the sentence. The Foreman: That is what we wanted to know. The Court: And the Jury would also have the right to recommend misdemeanor punishment which means lesser punishment, and the Court has to exercise its discretion, Mr. Drennan, whether or not to accept that. Do you understand? The Foreman: I see." (T. 416).

Although this colloquy occurred during the course of deliberation on the guilty-innocence phase there was no error in the court undertaking to answer this inquiry from the jury. As this court said in a somewhat similar situation in *Sanford v. State,* 129 Ga. App. 337 (3) (199 SE2d 560), "The work of a trial judge in a criminal trial is not an easy one. His language in colloquies with counsel, witnesses or jurors should not be judged by the hindsight of appellate judges after weeks of academic deliberation but by the practical difficulties and circumstances faced by the trial judge at the time of the trial." We regard the candid direct answer to the jury's inquiry here to have been conducive towards making certain the accused received a fair trial and not harmful

to the defendant.

5. The fifth enumeration of error reads: "The court below erred in giving the wrong section number in its charge in which the same was quoted as being Section 26-802 rather than 26-1802." There is no merit to this contention. "An inadvertent statement, or mere slip of the judge's tongue, not prejudicial to the complaining party, does not require the grant of a new trial." *City of Summerville v. Sellers,* 94 Ga. App. 152 (7) (94 SE2d 69). See also *Parker v. Bryan,* 96 Ga. App. 283, 289 (99 SE2d 810); *Taylor v. State,* 127 Ga. App. 692 (194 SE2d 627). As to when a lapsus linguae is considered erroneous see *Eastern Dehydrating Co. v. Brown,* 112 Ga. App. 349 (1) (145 SE2d 274). That this error was harmless is confirmed by the two attorneys representing the defendants having separately declined the offer of the trial court to correct this insignificant mistake. "When a party accedes to an instruction by specifically stating no objection, he cannot now complain. [Cits.]" *Gearin v. State,* 127 Ga. App. 811, 813 (195 SE2d 211).

6. The next two enumerations of error deal with circumstances involving a settlement offer. The owner of the stolen cattle as a prosecution witness testified on direct examination without objection concerning settlement overtures during a visit defendant made to his home. A criminal case may be settled between the prosecutor and the defendant but is valid "only by the approval and order of the court on examination into the merits of the case." Code § 27-1701. During interrogation of the witness on this subject it developed that there was a dispute as to what had occurred. Thereupon the court interjected the following: "I want to make this statement that there was nothing discussed about this case of Ike Childers in this office by your Judge at any time outside of your presence except Mr. Adams came back again. He had been over to Madison County and wanted to know if he could settle it for six thousand, and he came back again over here Monday and wanted to know if he could settle it for six thousand. I said: 'No, I will not allow anybody who is a cattle thief to settle a case by paying six thousand dollars.' And, Mr. Childers, I told you: 'If Mr. Ike Childers is not guilty, he ought to plead not guilty. The Jury ought to find him not guilty. And if he is guilty, he ought to serve some straight time.' And there has been no under-the-cover dealings in this matter at any time, any place, anywhere." (T. 333). From that statement the defendant takes out of context the words "No, I will not allow

anybody who is a cattle thief to settle a case by paying six thousand dollars" and contends this to be error. A reading of the entire statement shows that the "cattle thief" appellation did not refer to this particular defendant and was not prejudicial.

The other enumeration of error dealt with a denial of cross examination when the district attorney took the stand to explain his participation in the aborted settlement proposal. During cross examination a question was propounded by defense counsel to the district attorney concerning an indictment in another county against an individual charged with having burglarized the defendant's home and the disposition thereof. The judge ruled this line of questioning to be irrelevant and inadmissible. Defendant contends this ruling denied him his right to a thorough and sifting cross examination.

"Although evidence of collateral matters may throw some remote light on the main issues of the cases, it is nevertheless necessary that trial judges be vested with some latitude as to the admissibility of this type of evidence. Otherwise the whole course and progress of the trial could become converted to the determination of collateral issues rather than the main one." *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2) (52 SE2d 485). " 'The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial.' [Cits.]" *Sheffield v. State,* 124 Ga. App. 295 (1b) (183 SE2d 525). The judge's ruling was therefore correct.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED SEPTEMBER 13, 1973 — DECIDED JANUARY 9, 1974.

*Tom Strickland,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.

EVANS, Judge, concurring specially. A motion to suppress evidence was made by Ike Childers, through his attorney, William O. Carter. Motions to suppress were also made by Horace Brown, Jr., who was represented by Attorney Darryl Vandeford. The trial judge ordered that the hearing be had on all three motions at one time, following which the district attorney swore Sheriff Moore against Childers (Tr. pp. 18-21) and Sheriff Moore was cross examined by Attorney Carter (Tr. pp. 21-24). Thereafter, testimony was introduced by the district attorney against the other two defendants, and even though no opportunity had been afforded

defendant Childers to introduce testimony in opposition to that of Sheriff Moore, the judge announced that he was overruling Childers' motion to suppress (Tr. p. 36) as well as the motions of the other two defendants, and inquired of the district attorney as to which case he would call first for trial. The district attorney announced that he had not finished introduction of evidence, as he still had an important piece of evidence to introduce; and Attorney Carter announced that he had not finished either, as he thought the district attorney was putting up his side. The trial judge here stated that, "all of you rested," and I am quite certain that the trial court was under that impression. However, *there was no place where the defendants could have rested, and all three cases were tried together, and the district attorney, who had the burden, had not finished his case.* In such circumstances, the appellant Childers was deprived of a valuable right, to wit: the right of introducing evidence on his motion to suppress. The law as to motions to suppress provides in Code Ann. § 27-313 (b) that: "The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion, and the burden of proving that the search and seizure were lawful shall be on the State." Of course, this means evidence by both the state and defendant.

But the defendant did not object to the evidence, which he had moved to suppress, when the state offered it during the trial. This constitutes a waiver of any error made in overruling his motion to suppress. See *Jackson v. State,* 108 Ga. App. 529, 530 (133 SE2d 436).

The majority opinion cites the recent case of *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456), as authority for the proper method by which a defendant must preserve his rights following a motion to suppress.

The *Reid* case, in what is patently obiter dictum, and consequently not binding, states that: *"Testimony* is simply not within the scope of the motion as authorized by the statute." (Emphasis supplied.) This is an erroneous conclusion. *Testimony is within the scope of a motion to suppress.* The author of the *Reid* decision, in the above obiter statement, misconstrued and misinterpreted the Supreme Court decision in *Baker v. State,* 230 Ga. 741 (1) (199 SE2d 252), which it cites as authority. The further erroneous and obiter statement is set forth in the *Reid* case, to wit: "Our Supreme Court [*Baker v. State,* 230 Ga. 741 (1)] has ruled on it: 'The testimony of eye-witnesses and victims of alleged crimes is

outside the scope of a motion to suppress as contemplated under the provisions of Code Ann. § 27-313." But what was the actual holding in the *Baker* case, supra? It is as follows (p. 742): "It is clear from the transcript of the hearing of the motion to suppress that trial defense counsel sought to suppress in its entirety the testimony of two policemen *and nothing else.* The testimony of eyewitnesses and victims of alleged crimes is outside the scope of a motion to suppress as contemplated under the provisions of Code Ann. § 27-313." (Emphasis supplied.) Of course, the *testimony* of the witnesses cannot be suppressed, unless the *object* of his testimony, to wit, the illegal drugs, or whiskey, or other contraband, is suppressed. It would be ridiculous to allow the drugs introduced *without any objection* and then suppress *testimony* respecting same. What the Supreme Court held in the *Baker* case was that the motion to suppress must include *more than the mere testimony.* But there is no reason to say that a motion to suppress the *contraband and the testimony respecting same,* would not be sustained, where it is shown the drugs were procured by an illegal search or seizure. It would be of no benefit whatever to a defendant to suppress the drugs, and then allow witnesses to testify that they found him in possession of the drugs.